STATE of Maine

v.

George P. RUSSELL.

Supreme Judicial Court of Maine.

Argued Feb. 2, 1990.

Decided March 2, 1990.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Deputy Dist. Atty., Alfred, for plaintiff.

Eric B. Cote (orally), Cote, Guillory & Linderman, Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Defendant George Russell appeals from the judgment of the Superior Court (York County, *Lipez, J.*) following a jury conviction on one count of unlawful sexual contact with a minor in violation of 17–A M.R. S.A. § 255 (Class C) (Supp.1989). The defendant contends that the trial court erred in excluding 1) expert testimony in regard to proper techniques for interviewing child victims of sex abuse and 2) evidence of prior consistent statements by a defense witness. We disagree and affirm the conviction.

The seven-year-old victim testified at trial that she was visiting defendant's home, across the street from her family's home in Saco, to play with defendant's daughter, also seven years old. According to the victim, defendant reached down and touched both children in the vaginal area after having called them over to sit with him on the couch. The victim stated that defendant touched her again on a later occasion when she was sent to borrow something at defendant's. On getting back, the victim reported the touching to her older sister and their mother, who notified the Saco Police Department. Several days later, a Saco police detective, accompanied by a DHS caseworker, interviewed the victim, her sister, and their mother at the Saco police station. The detective later conducted a follow-up interview in the victim's home.

### I.

At trial, defendant offered the testimony of a clinical psychologist, Dr. Charles Robinson, in an attempt to show that the techniques used during the initial interviews of the victim are professionally disfavored and may have caused her to describe the alleged incident erroneously. Although Robinson qualified as an expert in interviewing techniques, the presiding justice found that the testimony "would entirely change the focus of the trial from what happened in this case to the way in which the investigation was carried out." The court excluded Robinson's testimony on the basis, *inter alia*, of the balance required to be struck by M.R.Evid. 403. We have long recognized that the decision to admit or exclude such evidence rests with the sound discretion of the trial court. *See, e.g., State v. Johnson,* 472 A.2d 1367, 1371 (Me. 1984).

Dr. Robinson would have described what, in his expert opinion, are the preferred methods for interviewing children, particularly children who are the alleged victims of sexual abuse. Dr. Robinson had not participated in interviewing the victim, nor does the record reflect that he had ever met the victim. The police had not record-

ed their interviews with the victim. Robinson's testimony amounted at most to a generalized critique of the techniques he understood were used to interview the victim. His testimony, if admitted, would have created a trial within the trial.

After weighing all factors, the justice concluded that the probative value of Robinson's testimony was substantially outweighed by the danger that the jury would be confused or misled. We cannot say that the court's decision to exclude this testimony constituted an abuse of the broad discretion accorded it by Rule 403.[1]

### II.

 Defendant also challenges the trial court's decision to exclude evidence of prior consistent statements made by defendant's daughter. At trial, defendant's daughter testified that no improper touching occurred. The prosecutor did not cross-examine the daughter or offer any evidence challenging her credibility. Defendant then attempted to introduce other testimony to show that the daughter had consistently denied that any improper touching had occurred. The trial court excluded evidence about the daughter's prior consistent statements.

A prior consistent statement "is admissible only to rebut an express or implied charge ... of recent fabrication or improper influence or motive." M.R.Evid. 801(d)(1). For the daughter's prior statements to have been admissible, there must have been a charge, at the time the evidence was offered, that the daughter's trial testimony was the product of fabrication, or of improper influence or motive. "The existence of an implied charge of recent fabrication or improper motive must be apparent from the evidence or from those inferences which fairly arise from counsel's cross-examination of a declarant." *State v. Zinck*, 457 A.2d 422, 426 (Me.1983). As of the time the presiding justice ruled upon the issue "the State ha[d] done nothing" to create an express or implied charge of re-

cent fabrication or improper motive or influence. The court did not err in excluding evidence of prior statements under Rule 801.

The entry is: Judgment affirmed.

All concurring.

---

1. The trial court did not otherwise limit defendant's ability to explore this issue. Defendant had ample opportunity to cross-examine the people who did interview the victim and to argue to the jury any flaws in the interview techniques.