STATE of Maine

v.

Gail EDWARDS a/k/a Gail Fangboner.

Supreme Judicial Court of Maine.

Argued May 30, 1990.
Decided June 11, 1990.

David W. Crook, Dist. Atty., William H. Baghdoyan, Asst. Dist. Atty. (orally), Skowhegan, for the State.

John Alsop (orally), Nottidgewock, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Pursuant to 15 M.R.S.A. §§ 2115–A(1) and (5) (1980 & Supp.1989), the State appeals from an order of the Superior Court (Somerset County, *Alexander, J.*) suppressing evidence seized by the State, pursuant to a search warrant issued by the District Court (Skowhegan, *Benoit, J.*), on the ground that the affidavit did not set forth a probable cause for issuing the warrant. We hold that a substantial basis existed in support of the District Court's finding of probable cause for the issuance of the warrant. Accordingly, we vacate the order of the Superior Court.

Following the defendant's indictment for trafficking in marijuana in violation of 17–A M.R.S.A. § 1103 (1983 & Supp.1989), the defendant filed a motion to suppress all evidence seized by the State pursuant to a warrant authorizing the search of the defendant's premises, including her residence, outbuildings, and vehicles on the premises, as well as the surrounding field and wooded area. At the hearing on the motion, neither party presented evidence. The sole exhibits before the Superior Court were the affidavit of Bruce Bristow, a special agent for the Bureau of Intergovernmental Drug Enforcement, and the search warrant. The defendant did not challenge the truthfulness or accuracy of the facts contained within Bristow's affidavit. The affidavit, dated August 25, 1989, stated, *inter alia,* that (1) Bristow had confirmed that the premises to be searched were in the name of the defendant and that the deed to the defendant was on file in the office of the Registry of Deeds for Somerset County; (2) on August 12, 1989 Bristow received information from James Ross, a Maine Warden, that Ross had observed marijuana plants growing in a plot approximately 150 yards north of the defendant's residence; (3) a well-defined, trodden path led from the marijuana plot directly to and from the defendant's residence and no other discernible paths led to or from the plot of marijuana; and (4) this plot was in the same area where in the fall of the previous year Ross had observed that marijuana plants had been harvested.

We have previously stated that a reviewing court does not make a *de novo* determination of whether there was a probable cause for the issuance of a search warrant, but must accord deference to the decision to issue the warrant and must limit its inquiry to whether there was a substantial basis for the single required finding of probable cause by the magistrate or court that issued the warrant. *State v. Knowlton,* 489 A.2d 529, 531–32 (Me.1985). In determining whether such a substantial basis exists, the reviewing court applies a totality of the circumstances test and reads the affidavit with all reasonable inferences that may be drawn from it to support the finding of probable cause for the issuance of the warrant. *State v. Nickerson,* 574 A.2d 1355 (Me. 1990); *State v. Lutz,* 553 A.2d 657, 659 (Me.1989); *Knowlton,* 489 A.2d at 532. Applying the teaching of these cases to our reading of Bristow's affidavit, we conclude

that the District Court reasonably could have inferred that the defendant was tending and would harvest the marijuana and that further evidence of these activities could be detected on the defendant's premises. Accordingly, we hold that Bristow's affidavit set forth a substantial basis for the District Court's finding that there was a probable cause for the issuance of the search warrant.

The entry is:

Order to suppress evidence vacated. Remanded to the Superior Court for entry of an order denying the defendant's motion to suppress evidence seized by the State pursuant to the search warrant issued on August 25, 1989.

All concurring.