STATE of Maine

v.

Charles VEGLIA.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 13, 1993.
Decided Feb. 4, 1993.

Janet T. Mills, Dist. Atty., David W. Fisher, Asst. Dist. Atty., Auburn, for the State.

William Maselli, Andover, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Charles Veglia appeals from a judgment entered in the Superior Court (Androscoggin County, *Delahanty, C.J.*) after a jury found him guilty on one count of aggravated trafficking in scheduled drugs in violation of 17–A M.R.S.A. §§ 1103, 1105 (1983 & Supp.1991). Defendant contends that the court erred in denying his motion to suppress evidence obtained in a police search. He also contends that the court erred in admitting a letter that he claims was unauthenticated, contained impermissible character evidence, and was unfairly prejudicial. Finding no error or abuse of discretion, we affirm the conviction.

On August 10, 1991, officer Mark Cornelio of the Lewiston Police Department requested a search warrant for 28 Birch Street, Apartment 301, Lewiston, from a justice of the peace. His request was supported with an affidavit setting out the following facts: Officer Cornelio had been involved in more than fifty drug investigations, was familiar with defendant's cocaine trafficking activities, and considered him to be a "substantial cocaine dealer." On August 9, 1991, two confidential informants told Cornelio and other officers that defendant was expected to arrive in Lewiston and distribute cocaine from an apartment at 28 Birch Street. The informants later confirmed that defendant had arrived at 28 Birch Street. Police then established surveillance and observed known cocaine users enter the apartment and exit after short periods of time. On August 10, 1991, both informants informed Cornelio that defendant was still at 28 Birch Street and was preparing to sell more cocaine. Defendant told the informants to set up "Allen" with cocaine across the street at 27 Birch. Defendant also told the informants that he would keep most of the cocaine with him, leaving only approximately twenty bags at 27 Birch and resupplying that location as needed. The informants picked "Allen" up at 28 Birch, and on their arrival at 27 Birch, "Allen" possessed cocaine and started to sell it.[1] The affidavit concluded with a statement that officer Cornelio had personal knowledge that both informants had previously provided reliable information regarding narcotics intelligence, and that one of the informants had also previously proved reliable through controlled cocaine buys.

The warrant was issued and executed later that evening. Defendant moved to suppress all fruits of the search at 28 Birch Street, which included an unsigned letter addressed to "Mo" allegedly written by defendant indicating that defendant was involved in cocaine trafficking. The court found that the warrant contained insufficient probable cause because it failed to provide sufficient facts to establish the reliability of the informants. It nevertheless denied the motion, finding that the affidavit fell within the good faith exception to the exclusionary rule.

Defendant argues on appeal that the good faith exception to the exclusionary

---

[1]. This individual, referred to as Allen and named Murray Francis, sold a bag of cocaine to an undercover police officer and later pleaded guilty to trafficking in cocaine. At the trial, he testified that the cocaine belonged to defendant and that defendant had brought him up from Massachusetts for the purpose of selling it.

rule [2] should be rejected under the Maine constitution,[3] and that the court's finding that the affidavit lacked sufficient probable cause was not clearly erroneous. The State counters that the court's denial of the motion to suppress was proper but that it erred in finding that the affidavit lacked sufficient probable cause because it applied the wrong test for reviewing the sufficiency of an affidavit to support a valid warrant. We agree with the State.

The test for review of the validity of a warrant applied in *State v. Gamage*, 340 A.2d 1 (Me.1975), on which the Superior Court relied, was based on the holdings of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Those cases required courts to look separately at the basis of the informant's knowledge and at the affidavit's showing of the informant's reliability. Applying that test, the court in this case concluded that the affidavit lacked the required separate showing of the informant's reliability. The two-prong test of *Aguilar* and *Spinelli,* however, was abolished by *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under the new test enunciated in *Gates* "the Fourth Amendment's requirement of probable cause for the issuance of a warrant is to be applied, not according to a fixed and rigid formula, but rather in the light of the 'totality of the circumstances' made known to the magistrate." *Massachusetts v. Upton,* 466 U.S. 727, 728, 104 S.Ct. 2085, 2085, 80 L.Ed.2d 721 (1984). In *State v. Knowlton,* 489 A.2d 529, 531–532 (Me.1985), we applied the *Gates* "totality of the circumstances" test and explicitly rejected the requirement of a separate showing of an informant's reliability. *See also State v.*

*Edwards,* 575 A.2d 321, 322 (Me.1990); *State v. Haley,* 571 A.2d 831, 832 (Me. 1990).

A reviewing court is not to make a *de novo* determination of whether there was a probable cause for the issuance of a search warrant, but must accord deference to the decision to issue the warrant and must limit its inquiry to whether the evidence viewed as a whole provided a substantial basis for the finding of probable cause by the magistrate who issued the warrant. *State v. Knowlton,* 489 A.2d at 531–532. The affidavit should be read with all reasonable inferences that may be drawn from it to support the finding of probable cause for issuance of the search warrant. *State v. Edwards,* 575 A.2d at 322; *State v. Nickerson,* 574 A.2d 1355, 1356 (Me.1990).

Here, the affidavit provided a substantial basis for a finding of probable cause. The affidavit states that law enforcement officials were familiar with defendant's cocaine trafficking activities; that two confidential informants told the officer that defendant would arrive at a specific location to distribute cocaine and subsequently he did arrive at that location; that police surveillance confirmed that known cocaine users made brief visits to the location, an indication of drug dealing; that the informants told the officer that defendant told them that he would keep most of the cocaine with him but arrange for another person to sell his cocaine at 27 Birch Street; that at defendant's direction the informants met an individual at 28 Birch Street and accompanied him to 27 Birch Street where he began to sell drugs; and that in the past both of the informants

Francis' sale is the basis of the charges against defendant.

**2.** In *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the United States Supreme Court created an exception to the exclusionary rule under the Fourth Amendment of the federal Constitution, made applicable to state action under the Fourteenth Amendment. In *Leon,* the Court held that the exclusionary rule does not bar use in the government's direct case of evidence seized by law

enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but later found to be unsupported by probable cause. *Id.* at 913–25, 104 S.Ct. at 3415–21.

**3.** To date we have neither accepted nor rejected a separate exclusionary rule for violation of the State constitution, much less exceptions to such a rule. *See State v. Tarantino,* 587 A.2d 1095, 1098 (Me.1991).

had provided reliable information to the police regarding narcotics intelligence, and one of them had previously proved reliable in controlled cocaine buys. When viewed together, these averments provide a substantial basis for issuance of the warrant. Because there was probable cause to support the search warrant, the court did not err in denying defendant's motion to suppress the fruits of the search.

■ Defendant next argues that the court abused its discretion in admitting in evidence over objection an unsigned, apparently unfinished letter allegedly written by defendant and discovered during the police search of 28 Birch Street. Defendant specifically contends that the letter should have been excluded because the State did not authenticate the identity of the writer.

The requirement of authentication is satisfied by sufficient evidence to warrant a jury finding of authenticity. M.R.Evid. 901(a); Richard H. Field & Peter L. Murray, *Maine Evidence* § 901.1 (2d ed. 1987). Maine Rule of Evidence 901(b)(4) provides that evidence may be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." "The physical appearance of a letter [and] its ... return address ... may suffice as authentication...." Field & Murray, *supra*, § 901.2(4).

The letter, which indicated that the writer was involved in cocaine trafficking, was addressed to "Mo." It was written on the top sheet of a pad of paper found on the floor of 28 Birch Street in front of a chair in which officer Cornelio had seen defendant. Tucked into the pad several pages under the letter was an envelope addressed to Morice Field naming defendant as the return addressee. The fact that defendant was the return addressee, taken in conjunction with the other circumstances in which the letter was found, is sufficient to warrant a jury finding of authenticity. The court did not err in admitting the letter as evidence.

■ Defendant next argues that the letter should have been excluded from evidence because it contained impermissible character evidence, *see* M.R.Evid. 404 and because its contents were unfairly prejudicial, *see* M.R.Evid. 403. The court's rulings on the admissibility of evidence are reviewed for abuse of discretion. *State v. Leone*, 581 A.2d 394, 398 (Me.1990); *State v. Russell*, 571 A.2d 229, 230 (Me.1990).

■ The letter, dated the date of the search at 5:40 p.m., reads in pertinent part as follows:

> Hey what's up. Not much here. I am over Allen's house he's not here But I am. I am working I have a few left. I should be out By 8 or 9 or so oh by the way Allen Became another Moe he's starting to do the shit. I guess you were the one that started him off on it. But he's no longer working he's a customer now and not a bad one at that.
>
> . . . . .
>
> I already been raided at the safe house. Last Wednesday. About 9:30 p.m. But I out smarted them again They found no $ and no shit course I was all done. I guess I pist them off again. But no I'm down here for the last time this time for sure.

Defendant claims that the letter impermissibly portrays him as a "long-time cocaine dealer who had been out-smarting the authorities." Maine Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Evidence of a defendant's prior bad acts, however, is admissible if it "casts light upon the nature of the act for which the defendant is being prosecuted, by showing motive, intent, knowledge, absence of mistake, common scheme, identity or a system or general pattern." *State v. Wallace*, 431 A.2d 613, 616 (Me.1981); Advisers' Note to M.R.Evid. 404(b).

The court admitted the letter, finding that its contents went to defendant's "intent or motive or state of mind." Because defendant's implicit admissions of prior drug dealing were relevant to defendant's intent to sell cocaine and possibly to show a common plan or general pattern in selling

# 280

drugs, the court did not err in admitting the contents of the letter. *See State v. O'Toole*, 118 Me. 314, 315, 108 A. 99 (1919) (in prosecution for possession of liquor for sale, evidence of sales made by defendant eighteen months before the time of the alleged offense was properly admitted because it could shed light on defendant's intent to sell liquor found in her possession); *see also State v. Cote*, 444 A.2d 34, 35 (Me.1982) (in prosecution for trafficking in marijuana, defendant's offer to get cocaine for an undercover officer in addition to marijuana was properly admitted as evidence of defendant's intention to sell drugs).

The letter may still be excluded if the danger of unfair prejudice to the defendant outweighs its probative value. M.R.Evid. 403. The first paragraph of the letter is highly probative as it contains a tacit admission that defendant was at 28 Birch Street for the purpose of selling drugs at the time of his arrest. We find no abuse of discretion in the court's decision to admit the letter in light of the broad discretion afforded to it in ruling on the admissibility of evidence challenged as unfairly prejudicial. *State v. Wallace*, 431 A.2d at 616.

The entry is:

Judgment affirmed.

All concurring.