**STATE of Maine,**

v.

**Cecily DIAMOND, et al.**

Supreme Judicial Court of Maine.

Argued March 4, 1993.
Decided July 22, 1993.

David W. Crook, Dist. Atty., Evert N. Fowle (orally), Asst. Dist. Atty., Augusta, for plaintiff.

David Sanders (orally), Livermore Falls, for Cecily Diamond.

Kim Vandermuelen (orally), Vandermuelen, Goldman, Allen & O'Brian, Augusta, for Harold Tripp.

David G. Webbert, Lewiston, amicus curiae for M.C.L.U.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

The State appeals from an order entered in the Superior Court (Kennebec County, *Alexander, J.*) granting the motions to suppress of defendants Cecily Diamond and Harold Tripp. Because the affidavit submitted in support of the warrant application does not provide a substantial basis for a finding of probable cause, and because the officer's reliance on the magistrate's probable cause determination was not objectively reasonable, we affirm the suppression of evidence.

On June 21, 1991, Agent Bruce Bristow of the Bureau of Intergovernmental Drug Enforcement (BIDE) presented an affidavit to a justice of the peace seeking the issuance of a warrant to search Cecily Diamond's residence in Belgrade. After reviewing the affidavit, the justice of the peace issued the search warrant. That same day, BIDE agents executed the warrant and seized marijuana plants and in- door growing equipment from Diamond's basement. Diamond and Tripp were charged with unlawful trafficking in marijuana and conspiracy to traffick in marijuana, 17–A M.R.S.A. §§ 151, 1103 (1983 & Supp.1992). Subsequently, each defendant moved to suppress the evidence seized. Their motions were consolidated for a testimonial hearing and, following the hearing, the court ordered all of the evidence suppressed. The State filed a notice of appeal and the Attorney General filed a notice of his approval of the State's appeal pursuant to 15 M.R.S.A. § 2115–A(5) and M.R.Crim.P. 37(b) and 37B(b).

I.

■ We do not undertake a *de novo* review of the magistrate's finding that there was probable cause to support a search warrant; rather, the inquiry is limited to whether there is a substantial basis for that finding. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *State v. Edwards*, 575 A.2d 321, 322 (Me.1990). In determining whether such a substantial basis exists, we apply a totality of the circumstances test and draw all reasonable inferences from the affidavit to support the finding of probable cause. *Id.*

Stripped of its boilerplate, the affidavit established the following. Agent Bristow learned from the federal Drug Enforcement Administration (DEA) that a confidential source of information had supplied information of suspected shipments of hydroponic growing equipment used for indoor marijuana cultivation and marijuana seeds. Information from this source has led to dozens of arrests of indoor growers of marijuana. The source revealed that Diamond received four shipments between March and July of 1989 from two companies identified as "A.G.S. Inc." and "Light Mfg." There is, however, nothing in the affidavit to suggest that the DEA's source suspected those particular companies as being suppliers of marijuana seeds or equipment capable of growing marijuana, or that the shipments received by Diamond contained such equipment or supplies.

Bristow reviewed Belgrade tax records and learned that town assessors had been denied access to the interior of Diamond's residence, but that the assessors' questions about the property had been answered by Tripp, an apparent live-in companion. The tax records revealed that the house was owner-built, had a finished first floor, an unfinished second floor, and a dirt-floored basement. The records further revealed that the house had a fireplace, an electric hot water heater, and 100-amp electrical service.

While doing ground surveillance, Bristow was accosted by two dogs in a heavily wooded area approximately 1,500 feet from Diamond's house. The dogs came from and returned toward the direction of Diamond's house. Bristow believes that they were there to alert Diamond to the presence of strangers on the property. Aerial surveillance revealed that approximately ten cords of tree-length firewood was piled on the west side of Diamond's house. Bristow thus concluded that Diamond used a source of heat other than electricity. Bristow then obtained the kilowatt hour usage records for Diamond's residence from Central Maine Power Company and learned that Diamond's average monthly electrical usage was far in excess of that of a typical residential customer in Maine.

 The State argues that the affidavit provides a substantial basis for the magistrate's finding of probable cause. We disagree. Although these facts might provide some basis for a finding of probable cause if coupled with some information indicating that the defendants were engaged in anything other than a legitimate enterprise, that is not the case here. Without a specific allegation of criminal activity to color the noncriminal behavior described in this affidavit, there is no information from which to conclude that evidence of criminal activity would be found at the time of the search. The State cites a passage from *Gates* stating that "[b]y hypothesis ... innocent behavior frequently will provide the basis for a showing of probable cause." *Gates*, 462 U.S. at 244, n. 13, 103 S.Ct. at 2335, n. 13. In *Gates*, however, innocent behavior provided corroboration of a specific allegation of criminal activity. *Id.* at 243–46, 103 S.Ct. at 2334–36. Therefore *Gates* cannot, as the State suggests, stand for the much broader proposition that an affidavit based solely on noncriminal behavior can support a showing of probable cause.

## II.

 The Supreme Court has held that evidence obtained pursuant to a defective search warrant will not be suppressed if the officer's reliance on the magistrate's determination as to the existence of probable cause was "objectively reasonable." *United States v. Leon*, 468 U.S. 897, 922, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984). The defendants contend that Bristow's affidavit is so deficient that any official belief in the existence of probable cause was unreasonable. We agree. As the *Leon* Court noted, an officer cannot manifest objective good faith if the affidavit is " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " *Id.* at 923, 104 S.Ct. at 3421 (citations omitted). The test is "whether the affidavit was sufficient to 'create disagreement among thoughtful and competent judges as to the existence of probable cause.' " *United States v. Hove*, 848 F.2d 137, 139 (9th Cir.1988) (quoting *Leon*, 468 U.S. at 926, 104 S.Ct. at 3422). *But see United States v. Taxacher*, 902 F.2d 867, 872 (11th Cir.1990), *cert. denied*, 499 U.S. 919, 111 S.Ct. 1307, 113 L.Ed.2d 242 (1991). Because Bristow's affidavit, based exclusively on noncriminal behavior, contains no information from which to conclude that evidence of criminal activity would be found at the time of the search, reasonable judges could not disagree whether probable cause existed to search Diamond's residence. We conclude, therefore, that Bristow's reliance on a determination of probable cause based on his bare bones affidavit cannot be said to be objectively reasonable. *See, e.g., United States v. Weber*, 923 F.2d 1338, 1346 (9th Cir.1990) (citing *Leon*, 468 U.S. at 926 & n. 24, 104 S.Ct. at 3422 & n. 24); *United States v. Baxter*, 889 F.2d 731, 734 (6th Cir.1989).

The entry is:

Order suppressing evidence affirmed.

WATHEN, C.J., and GLASSMAN and RUDMAN, JJ., concurring.

CLIFFORD, Justice, with whom COLLINS, Justice, joins, dissenting.

I agree with the Court that the warrant was issued with insufficient probable cause. Because, however, in my view the evidence was seized by the officers acting in objectively reasonable good faith reliance on a facially valid warrant issued by a neutral magistrate, I would deny the motion to suppress on the basis of the good faith exception to the exclusionary rule, as recognized in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

In *Leon*, the United States Supreme Court enunciated a limited exception to the exclusionary rule under the fourth amendment to the United States Constitution, made applicable to the states through the fourteenth amendment. The Court held that evidence obtained by officers acting in objectively reasonable good faith reliance on a facially valid search warrant issued by a detached and neutral magistrate is admissible in the state's case. After balancing the costs and benefits of suppressing reliable physical evidence seized by law enforcement officials relying in good faith on a search warrant reasonably obtained, the Court concluded that exclusion of the evidence does not serve the purpose of deterring police misconduct (the reason the court-created exclusionary rule was established) when the warrant is later found to be invalid. 468 U.S. at 923–25, 104 S.Ct. at 3421.

This Court, however, declines to apply the good faith exception in this case because it concludes that the affidavit supporting the warrant is so deficient that *any* official belief in the existence of probable cause is unreasonable. *See Leon*, 468 U.S. at 923, 104 S.Ct. at 3420 (good faith exception does not apply in certain circumstances, one of which is when warrant is based on an affidavit so lacking in indicia of probable cause that official belief in its existence is unreasonable). I disagree.

The Superior Court found, and that finding is not clearly erroneous, that the police officers acted in good faith and believed they had probable cause when they requested and executed the warrant. Moreover, an experienced, competent, impartial, and independent complaint justice concluded that there was probable cause. Even though the result of *our* review is that probable cause was lacking in the affidavit, the affidavit is not so deficient in indicia of probable cause as to render *any* official belief in its existence unreasonable and lacking in good faith. *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421.

I would vacate the judgment and remand to the Superior Court for entry of an order denying the motion to suppress the evidence.