STATE OF MAINE

KENNEBEC, ss.

RECO... D
Nancy A. D... .rin

JUN 21 2000

Clerk of Courts
Kennebec County

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-99-158

DHM -KEN - 6/21/2000

STATE OF MAINE

v.

ROBERT L. GILBERT,

Defendant

ORDER ON MOTION
TO SUPPRESS

This matter is before the court on defendant's motion to suppress. On May 4, 1999, a detective of the Augusta Police Detective presented an affidavit and a request for search warrant to a judge of the Maine District Court. The oath on the affidavit was acknowledged by that same judge. The judge then issued a daytime search warrant at 4:30 p.m. The search warrant was founded upon the 48 paragraph affidavit describing facts and circumstances going back to August of 1996. Execution of the search warrant resulted in interrogation of the defendant which, after *Miranda* warning, caused the acquisition of contraband and admissions by the defendant. Defendant challenges the probable cause for issuance of the warrant as well as voluntariness of his statement.

Defendant argues that the information in the affidavit is stale, that it relates to activities taking place over a number of years which should not be the basis for a search warrant as not valid at the time of its issuance. He argues that much of the information is irrelevant, that individuals named in the affidavit are not shown to be reliable as lacking corroboration in their statements and that no specific references were made to the defendant with regard to the illegal activities.

Obviously, the State argues that there is sufficient probable cause to obtain a warrant and conduct a search, that this is based in part upon the defendant's criminal history and that the previous investigations, while some years back, give credence to the contemporary grounds for the issuance of the warrant, that is, to controlled purchases of contraband. The State argues that the totality of the circumstances were sufficient for the District Court Judge who made modifications in the warrant based upon the affidavit by removing the ability to search employees of the defendant, substituting therefore, consistent with the affidavit, the daughter of one of the targets.

The court examines the challenge to the search warrant by looking at the four corners of the affidavit and warrant. *State v. Thornton*, 414 A.2d 229, 233 (Me. 1980); *State v. Appleton*, 297 A.2d 363, 367 (Me. 1972). Appropriate deference is given to the officer authorizing the warrant. *State v. Friel*, 508 A.2d 123, 127 (Me. 1986); *State v. Rand*, 430 A.2d 808, 817 (Me. 1981); *State v. Diamond*, 628 A.2d 1032, 1033 (Me. 1993). The court must examine the document to determine whether there is a substantial basis for the probable cause determination of the issuing Magistrate. *State v. Crowley*, 1998 ME 187, ¶ 4, 714 A.2d 834, 836; *State v. Ward*, 624 A.2d 485, 487 (Me. 1993); *State v. Veglia*, 620 A.2d 276, 278 (Me. 1993); *State v. Knowlton*, 489 A.2d 529, 532 (Me. 1985). Probable cause

> merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' . . . that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required.

2

*Texas v. Brown*, 460 U.S. 730 (1983) (*quoting Carroll v. United States*, 267 U.S. 132, 162 (1925); *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).

For purposes of examining the evidence before the court in light of defendant's assertion of "staleness," the court assumes that the activities giving rise to this particular warrant commenced in May of 1999 as described in paragraph 37 on page 18 of the affidavit. At that time, the officers became aware that an individual known to them had purchased contraband from a supplier at a location consistent with defendant's place of business. Further, a purchase of contraband was effected under conditions observed by the officers to strongly suggest the source as the premises of the defendant. Further conversations undertaken by the officers, monitored electronically, added additional credence to the location of the supply of the contraband. Approximately two weeks later, the officers conducted surveillance of a drug buy within the defendant's premises in which the transaction was clearly observed to be limited to the defendant, his wife, and the wife's daughter. Presence of the contraband was confirmed within a short period of time of the visit with the defendant and his family.

The affidavit continues to describe the circumstances that were created by the officers to effectuate a confirmatory purchase of contraband from the defendant under conditions described therein. The understanding clearly expressed and related to the issuing magistrate was that the warrant would not be executed unless the "buy" was successful. Such buy was anticipated to provide the basis for the continuing presence of contraband on the premises. From this it could be

3

reasonably inferred that if the buy was not successful, it would indicate some basis for the conclusion that contraband was not on the premises at that particular time. Factually, it appears undisputed, that the search warrant was executed and that it was done immediately after a controlled "buy."

Upon entry of the premises, the testifying officer indicated that he isolated the defendant while other officers were conducting a search. He interviewed the subject in the defendant's office. Admitted into evidence was a *Miranda* warning signed by the defendant and witnessed by the officer as well as another special agent. Testimony by both officers was that the *Miranda* warning was given, that the defendant answered in the affirmative to the five questions indicating that he understood the warning and his rights and that he nevertheless was willing to answer questions. While it is true that the defendant was in his office with the two officers and that, under the circumstances, it would appear de facto to constitute custody in that at least his movements were controlled by the officers, the court is satisfied that the defendant was advised of his rights, voluntarily waived those rights, and cooperated with the officers. It is worthy to note that the court finds it more likely than not that the conversation took place in a conversational manner consistent with the testimony of the officers since the officer conducting the interview is related by marriage to the defendant.

Therefore, even divorcing from the affidavit those entries that are not within a month or two of the execution of the affidavit, this court still believes there is sufficient probable cause to be found by the magistrate in issuing the warrant.

4

Further, those previous entries serve to further substantiate the knowledge on the part of the affiant adding further reliability and credibility to the affidavit.

For all the above reasons, the entry will be:

Defendant's motion to suppress is DENIED.

Dated: June___2/___, 2000

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
  vs
ROBERT GILBERT
P. O. BOX 2153
GUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-1999-00158

**DOCKET RECORD**

DOB: 02/16/1949
Attorney: SUMNER LIPMAN
       RETAINED 05/07/1999

State's Attorney: JAMES CAMERON

Filing Document: INDICTMENT
Filing Date: 05/13/1999

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1 UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS      04/05/1999 AUGUSTA
   17-A   1103(1)          Class B

2 UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS      04/21/1999 AUGUSTA
   17-A   1103(1)          Class B

3 UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS      05/04/1999 AUGUSTA
   17-A   1103(1)          Class B

4 UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS      05/04/1999 AUGUSTA
   17-A   1103(1)          Class B

## Docket Events:

05/13/1999 FILING DOCUMENT - INDICTMENT FILED ON 05/13/1999

05/14/1999 SUMMONS - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 05/19/1999 @ 8:30

05/17/1999 HEARING - ARRAIGNMENT SCHEDULED FOR 05/19/1999 @ 8:30

05/25/1999 HEARING - ARRAIGNMENT HELD ON 05/19/1999
       JOHN R ATWOOD , JUSTICE
       Attorney: SUMNER LIPMAN

       DA: JAMES CAMERON        Reporter: CASE ENOCH
       Defendant Present in Court
       KAREN LIPMAN, ESQ. STOOD IN FOR ARRAIGNMENT ONLY.
05/25/1999 Charge(s): 1,2,3,4
       PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 05/19/1999

       MOTIONS TO BE FILED IN 21 DAYS. SAME BAIL AS SET IN THE DISTRICT COURT TO CONTINUE AND TO
       TRANSFER.
05/25/1999 OTHER FILING - OTHER DOCUMENT FILED ON 05/19/1999

       CONDITIONS OF RELEASE. DEFENDANT NOT TO USE OR POSSESS SCHEDULED       DRUGS (UNLESS
       PRESCRIPTION) AND TO SUBMIT TO SEARCH AND TESTING.
06/03/1999 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 06/03/1999

06/03/1999 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 06/03/1999

06/03/1999 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 09/17/1999 @ 9:00

       Printed on: 06/26/2000

/03/1999 NOTICE - NOTICE OF HEARING SENT ON 08/03/1999

09/17/1999 HEARING - MOTION TO SUPPRESS NOT HELD ON 09/17/1999

        AS CASE WAS NOT REACHED.
10/12/1999 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 11/03/1999 @ 9:00

10/27/1999 BAIL BOND - CASH BAIL BOND FILED ON 06/15/1999


        Bail Receipt Type: CR
        Bail Amt:  $1,000
                                Receipt Type: CK
        Date Bailed: 06/15/1999    Prvdr Name: ROBERT   GILBERT
                                Rtrn Name: ROBERT   GILBERT
        BAIL CONVESION
10/28/1999 MOTION - MOTION TO CONTINUE FILED BY STATE ON 10/28/1999

        NO OBJECTION BY DEFENSE COUNSEL.
10/29/1999 MOTION - MOTION TO CONTINUE GRANTED ON 10/28/1999
        S KIRK STUDSTRUP , JUSTICE
11/04/1999 HEARING - MOTION TO SUPPRESS CONTINUED ON 10/28/1999

12/17/1999 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/17/1999

/21/1999 MOTION - MOTION TO CONTINUE GRANTED ON 12/17/1999

        COPY TO PARTIES/COUNSEL
12/22/1999 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/03/2000 @ 9:00

        NOTICE  TO PARTIES/COUNSEL
12/22/1999 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/03/2000 @ 9:00

        NOTICE  TO PARTIES/COUNSEL
01/11/2000 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 03/13/2000 @ 9:00

        NOTICE  TO PARTIES/COUNSEL
03/15/2000 HEARING - MOTION TO SUPPRESS NOT HELD ON 03/13/2000

06/16/2000 HEARING - MOTION FOR DISCOVERY NOT HELD ON 01/03/2000

06/16/2000 HEARING - MOTION TO SUPPRESS NOT HELD ON 01/03/2000

06/16/2000 MOTION - MOTION FOR DISCOVERY MOOT ON 06/12/2000

        ALL DISCOVERY MATTERS COMPLIED WITH BEFORE MATTER WENT TO HEARING.
06/16/2000 HEARING - MOTION TO SUPPRESS HELD ON 06/12/2000
        DONALD H MARDEN , JUSTICE
        Attorney:  GREGG BERNSTEIN

        DA:  LARA NOMANI          Reporter: CASE ENOCH
        Defendant Present in Court

Printed on: 06/26/2000

06/16/2000 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 06/12/2000

FILE WITH JUSTICE MARDEN

06/23/2000 MOTION - MOTION TO SUPPRESS DENIED ON 06/21/2000
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL                                    DEFENDANT'S
MOTOIN TO SUPPRESS IS DENIED.   S/MARDEN, J.


A TRUE COPY
ATTEST:  _____
                        Clerk