2008 ME 195

**STATE of Maine**

v.

**Sherry GDOVIN.**

Supreme Judicial Court of Maine.

Argued: Nov. 18, 2008.
Decided: Dec. 30, 2008.

Walter F. McKee, Esq. (orally), Lipman, Katz & McKee, P.A., Augusta, ME, for Sherry Gdovin.

Eric J. Walker, Asst. Dist. Atty. (orally), Belfast, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Sherry Gdovin appeals from a judgment of conviction entered in the Superior Court (Waldo County, *Hjelm, J.*) following her conditional plea of guilty to a charge of cultivating marijuana (Class D), 17–A M.R.S. § 1117(1)(B)(3) (2007). She argues that the District Court (Belfast, *Worth, J.*) erred in denying her motion to suppress evidence obtained pursuant to a search warrant issued in part on information gathered by a probation officer while conducting a home visit of her husband, Dan Gdovin, pursuant to conditions of his probation. We discern no error in the denial of the motion to suppress and affirm the judgment.

## I. BACKGROUND

[¶ 2] The motion court found the following facts, which are supported in the record. On March 31, 2007, Raymond Porter, a probation officer employed by the Maine Department of Corrections, visited the Gdovin residence in Swanville to conduct a home visit of Dan, a probationer under his supervision. Upon arriving at the home, Porter observed through a partly-open door that Dan was sitting at a table with another individual; on the table was a half-gallon of coffee brandy. After being invited in by Dan, Porter entered the residence and inquired about the coffee brandy, possession of which was a violation of Dan's probation. Both Dan and Sherry insisted that Dan had not consumed any alcohol.

[¶ 3] Porter decided, pursuant to Dan's probation conditions, to test Dan's urine. He went to his car to obtain a test kit, and then returned to the home and joined Dan

in the bathroom to conduct the test. While in the bathroom, Porter noticed a partial marijuana cigarette on the sink and questioned Dan about it. Dan indicated that he did not know who owned the marijuana. Porter then realized that the urine test kit had returned an invalid result and returned to his car to obtain another card for the sample. While in his car, Porter called the Waldo County Sheriff's Department for assistance in searching the house.

[¶4] Shortly thereafter, two officers from the sheriff's department arrived with a search dog, and Sherry indicated to the deputies that they would only find her "tomato plants" at the residence. Sherry subsequently went outside to secure her pets. One of the sheriff's deputies observed Sherry turning off a light and locking the door to a shed adjacent to the house. When confronted by the deputy, Sherry returned inside and for the first time objected to any kind of a search.

[¶5] The officers then secured the home and procured a warrant authorizing a search of the Stevens Road residence and "any out buildings and motor vehicles." The warrant was issued on the basis of a sworn affidavit prepared by one of the sheriff's deputies containing the following salient facts: (1) Porter found alcohol and marijuana at the residence, both constituting violations of Dan's probation; (2) Sherry commented to the officers upon their arrival that all they would find at the residence on that March day were her "tomato plants"; and (3) while Sherry was outside, the affiant observed her "sneaking around, as if trying not to be noticed" while turning off the light and locking the door to the shed.

[¶6] During the subsequent search, over forty marijuana plants were discovered inside the shed. The search also re-

sulted in the seizure of various drug paraphernalia and prescription pill bottles containing marijuana seeds. Sherry was charged with one criminal offense, cultivating marijuana (Class D), 17–A M.R.S. § 1117(1)(B)(3), as well as two civil offenses, sale and use of drug paraphernalia, 17–A M.R.S. § 1111–A(4)(A) (2007), and possession of marijuana, 22 M.R.S. § 2383(1)(A)(2007).

[¶7] Sherry filed a motion to suppress the evidence seized during the search, arguing, among other things, that the search warrant affidavit did not sufficiently establish probable cause to justify the issuance of the warrant. The District Court denied the motion to suppress, concluding that the affidavit established "a fair probability that contraband or evidence of a crime would be found in the home." The court emphasized that the affidavit informed the issuing justice of the peace that Dan had been convicted of a crime that justified random drug testing and searches, that both alcohol and marijuana had already been found at the home, and that Sherry had taken actions that "evidenced consciousness of guilt."

[¶8] Following the denial of the motion and pursuant to M.R.Crim. P. 11(a)(2), Sherry entered a conditional guilty plea on the cultivation and possession of marijuana charges.[1] The Superior Court then entered a judgment of conviction on the cultivation charge and imposed a sentence of seven days of incarceration in the Waldo County Jail in addition to a $400 fine. Sherry timely appealed to this Court.

## II. DISCUSSION

[¶9] On appeal, Sherry challenges the probable cause determination

---

1. By agreement with the State, the possession of drug paraphernalia charge was dismissed.

made by the issuing justice of the peace.[2] In assessing whether a search warrant affidavit sufficiently establishes probable cause and justifies the issuance of a warrant, "we review directly the finding of probable cause made by the magistrate who issued the warrant, affording great deference to the issuing magistrate." *State v. Estabrook*, 2007 ME 130, ¶ 5, 932 A.2d 549, 550 (quotation marks omitted). The proper standard to apply in making a probable cause determination is the "totality-of-the-circumstances" test espoused by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See State v. Rabon*, 2007 ME 113, ¶ 22, 930 A.2d 268, 276. This test "requires a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Estabrook*, 2007 ME 130, ¶ 5, 932 A.2d at 550–51 (quotation marks omitted). In reviewing probable cause determinations, we "must give the affidavit a positive reading and review the affidavit with all reasonable inferences that may be drawn" to support the finding of probable cause. *Id.* ¶ 5, 932 A.2d at 551 (quotation marks omitted).

[¶ 10] Sherry does not challenge the veracity of the affiant deputy, but rather characterizes the marijuana cigarette found in the bathroom as the only information contained in the affidavit that indicates that additional contraband or evidence of a crime would be found on the property. However, as noted by the motion court, the search warrant affidavit, in addition to notifying the issuing justice that marijuana had already been found in the home, contained information regarding Sherry's furtive behavior in her backyard and her improbable attempt to convince sheriff's deputies that she was growing tomato plants on the property in March.

[¶ 11] Giving the affidavit a positive reading, and drawing reasonable inferences from the information contained therein, it is clear that the single marijuana cigarette is not the only information upon which a finding of probable cause could be based. Sherry's later actions and statements support an inference that she was attempting to prevent or explain any subsequent discovery of additional contraband on the property and, in conjunction with the contraband already discovered at the residence by Porter, are sufficient to support a finding of probable cause. *Cf. State v. Crowley*, 1998 ME 187, ¶¶ 2, 8, 714 A.2d 834, 836, 837 (holding that the observation of suspicious behavior by the defendant's wife contributed to a finding of probable cause). Accordingly, we conclude that the affidavit established a " 'fair probability that contraband or evidence of a crime [would] be found' " at the Gdovin residence, *id.* ¶ 3, 714 A.2d at 836 (quoting *Gates*, 462 U.S. at 238, 103 S.Ct. 2317), and affirm the judgment.

---

2. In addition to her challenge to the sufficiency of the search warrant affidavit, Sherry challenges the factual findings of the motion court relevant to both Porter's authority to search the home pursuant to Dan's conditions of probation and to the assertion of her constitutional right as a co-tenant to object to the search under the recent United States Supreme Court decision in *Georgia v. Randolph*, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006). Because we conclude that the court's factual findings that Porter was invited into the home and that Sherry did not object to a search until *after* Porter discovered the marijuana in the bathroom were not clearly erroneous, these challenges cannot prevail and we do not address them further.