STATE OF MAINE                          UNIFIED CRIMINAL COURT
AROOSTOOK, ss                           DOCKET NO. CR-20-00207


STATE OF MAINE                  )
                Plaintiff       )
                                )
                                )
vs.                             )       ORDER ON MOTION
                                )          TO SUPPRESS
                                )
JOSEPH KEATON                   )
                Defendant       )


By Indictment dated July 9, 2020, Defendant, Joseph Keaton, is charged with the offenses of (1) Possession of a Firearm by a Prohibited Person, Class C - 15 M.R.S.A. §393(1)(A-1)(1); (2) Aggravated Trafficking in Scheduled Drugs, Class A – 17-A M.R.S.A. §1105-A(1)(C-1)(1); and (3) Criminal Forfeiture, $7,525.00 – 15 M.R.S.A. §5826.   On June 24, 2022, Defendant filed a Motion to Suppress Evidence generally alleging that the affidavit filed in support of the Request for Search Warrant lacked probable cause.   The Court granted the State's request to biforcate the hearing to proceed initially with a review of the material submitted in support of the request for a search warrant and thereafter conduct a testimonial hearing related to any claim of a good faith execption related to reliance on the warrant, if necessary.  The parties have jointly submitted a copy of the Affidavit and Request for Search Warrant submitted by Agent Forrest Dudley (hereinafter "Dudley") of the Maine Drug Enforcement Agency and the Search Warrant

issued by Justice Stewart on March 13, 2020. The court has reviewed the material submitted and hereby issues the following findings and decision:

## STANDARD OF REVIEW

When reviewing a search warrant for probable cause, only the information within the "four corners" of the probable cause affidavit is reviewed but the information in the affidavit is construed in a positive light and allowing for reasonable inferences that may be drawn to support the magistrate's determination. *State v. Simmons*, 2016 ME 103, ¶ 12(Citing, *State v. Johndro*, 2013 ME 106, ¶9); *State v. Nunez*, 2016 ME 185, ¶18(Affording great deference to the issuing magistrate). The issuing magistrate must determine whether probable cause exists based on the totality of the circumstances. *Johndro*, ¶10. This test requires a practical, commonsense determination whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* The affidavit must also set forth some nexus between the evidence to be seized and the locations to be searched. *Simmons*, ¶ 11. Such a nexus may be inferred from the type of crime and the nature of the items sought. *Id.*

## DISCUSSION

The Request for a Search Warrant was seeking seisure of evidence related to the suspected offenses of possession, furnishing, and/or trafficking of scheduled drugs. *Affidavit at II(A) through II(E)*. The Request for a Search Warrant was for a room located inside the home situated at 761 Main Street, Caribou, Maine. The residence itself was

occupied by Alexsea Cholewa and Nathan Manning-Harris. Both Cholewa and Manning-Harris were on probation for previous convictions for Unlawful Trafficking of Scheduled W Drugs. Although not specifically stated in the affidavit, the court infers from the Affidavitt that the probation conditions included prohibitions on the use or posession of illegal drugs and random search and testing for the same. The room in question was rented by the Defendant and Heather Pelletier. The officers were drawn to the home by the request of a probation officer to arrest Cholewa for a probation violation and to conduct a probation check.

When the officers arrived, they were permitted entry to the home by Cholewa. The Defendant and Pelletier were initially in a back bedroom, but were moved to the living room. The back bedroom was identified as the room that the Defendant and Pelletier were staying in. When asked, the Defendant and Pelletier advised that they were renting the room. A narcotics detection dog was called to the residence and deployed to assist in the search of the residence.

Paragraphs 7 and 8 of the Affidavit are set forth below in their entirety:

"7. Pelletier and [the Defendant] were sitting on a couch in the living room, and Pelletier had a tan purse/bag that was in the chair with her, located behind her back. Pelletier had brought this bag/purse from the bedroom as she walked to the couch. After a period of time, got up from the couch and left the bag/purse on the couch and went into another room. Prior to Pelletier retuing to the couch, Deputy Chisolm was able to deploy his K-9 Jazz on the bag, and Deputy Chisolm advised that Jazz indicated on the bag. Deputy Chisolm advised that [the Defendant] attempted to take possession of the bag. Deputy Chisolm moved the bag off the couch away from where [the Defendant] was sitting and advised [Dudley] of his findings.

8. After speaking with Deputy Chisolm about the alert, S/A Guidry and [Dudley] searched the bag. Located inside the bag, [Dudley] located a blue zippered pouch. [Dudley] opened the zippered pouch and located 4 I-GO containers, three of which

containted a brownish powder. Based upon [Dudley's] training and experience, [he] believed this brownish powder was heroin. Also located in the pouch were two tin foil folds with "Q" on one and "½" on the other. [Dudley] believed that this indicated the "Q" to be a quarter gram, and "½" to be a ½ gram. There was also a blue baggie that contained a crystal rock that [Dudley] in [his] training and experience (sic) to be crystal methamphetamine. (A later test of the rock by the MDEA TruNarc electronic drug testing machine indicated that this was methamphetamine.)"

Both Pelletier and the Defendant were asked if they would consent to a search of their room. They both declined to consent to such a search. The Defendant contends that the mere presence of some contraband in a purse/bag belonging to Pelletier was insufficient to establish probable cause for the magistrate to authorize a search of the Defendant's room that he shared with Pelletier.

From the facts contained in the affidavit, there was a fair probability that evidence of the crime of unlawful possession of scheduled drugs would be found in the room rented by the Defendant and Pelletier that was located inside the home situated at 761 Main Street, Caribou, Maine. This involved a single residence as opposed to a structure with separate residential units. The affidavit establishes that the room in question was rented and occupied by Pelletier and the Defendant. A search of Pelletier's bag, that was in the room when the officers arrived and later moved to the living room, revealed ¾ of a gram of heroin and methamphetamine. Pelletier's bag was originally concealed behind her on the couch in the living room. After Pelletier moved to another room and left the bag behind, the Defendant attempted to take possession of the bag. Unlike the *Nunez* case where a trial court took issue with the lack of connection between a residence and the drug activity, this matter involves officers finding drugs that were actually *in the room*

to be searched upon the officers' arrival and moved to a common area in the same house moments later. *See, State v. Nunez,* 2016 ME 185, ¶14.

Whether the material located in the room was property of the Defendant or Pelletier is immaterial to the review of the request for the search warrant. Both Pelletier and the Defendant were the renters and occupiers of the room. This case has some similarities to *State v. Storer,* 583 A.2d 1016 (Me. 1990). In *Storer,* the Law Court determined that there was probable cause to search the home of the defendant in that matter based upon the discovery of marijuana pursuant to a lawful search of the bag containing the marijuana that was carried from the home and discarded across the road. *Id.* at 1019 (Referred to as Bag 2)("The indisputably legal seizure of Bag 2 provided the magistrate with ample grounds to issue the search warrant and constituted an independent source for the evidence found in the house during the search pursuant to the warrant."). Similarly, as noted above the drugs in this matter were in the room immediately before they were discovered in Pelletier's bag. The prior drug convictions and current probation violation of the other occupants of the home are also factors to be considered in the totality of the circumstances. *See, State v. Gdovin,* 2008 ME 195, P11, 961 A.2d 1099, 1102 (*Citing, State v. Crowley,* 1998 ME 187, PP 2, 8, 714 A.2d 834, 836, 837 (holding that the observation of suspicious behavior by the defendant's wife contributed to a finding of probable cause)).

The court finds the affidavit contained sufficient evidence to support the magistrate's probable cause determination for the issuance of the search warrant for the

room rented or occupied by the Defendant and Pelletier located inside the home situated at 761 Main Street, Caribou, Maine. The Defendant's Motion to Suppress is DENIED.

Dated: September 8, 2022

_____
Justice, Superior Court