2006 ME 13

**STATE of Maine**

v.

**Mark WRIGHT.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 29, 2005.

Decided: Feb. 16, 2006.

704

Geoffrey A. Rushlau, District Attorney, Patricia A. Mador, Asst. Dist. Atty., Bath, for State.

David Paris, Esq., Bath, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Mark Wright appeals from a judgment of conviction entered in the Superior Court (Sagadahoc County, *Mills, C.J.*), following his conditional plea of guilty to two counts of dissemination of sexually explicit material (Class C), 17–A M.R.S. § 283(1)(A) (2005), and four counts of possession of sexually explicit material (Class D), 17–A M.R.S.A. § 284(1)(A) (Supp. 2004). Wright asserts that the Superior Court (*Atwood, J.*) improperly denied his motion to suppress evidence obtained during a police search of his house because the information contained in the affidavit in support of the search warrant was stale. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] On April 20, 2004, the Bath Police Department sought and obtained a warrant to search Wright's residence for adult and child pornography and to seize all computer hardware and software, digital cameras and recorders, and pornography. As a result of their search, the police found many images of child pornography.

[¶ 3] The affidavit in support of the warrant revealed that a friend of Wright's visited him at his home almost three months earlier[1] to help him with his computer. While there, she opened a saved folder and observed that it contained photos of children, ranging in age from about six years old to the early teens, engaged in sexual acts. Some time later, she learned that Wright had touched her ten-year-old daughter on the thigh once and rubbed her shoulders while at the movies.[2] An eleven-year-old boy confirmed that he saw Wright touching the daughter's shoulders. In April, the girl told her mother that Wright had followed her home from school several times and had offered her a ride home in his car. These events prompted the mother to speak with a friend who contacted the police.

1. In denying Wright's motion to suppress, the motion court determined that roughly eighty days had passed from the time Wright's friend saw the material on his computer to the time she reported it to the police. Wright contends that there is no basis in the affidavit for this determination because the affidavit states that the witness viewed the images in late January or early February, but does not state which year. We disagree. Although the affidavit does not state the year, the court's determination was based on a reasonable inference.

2. Wright had been taking the daughter and another ten-year-old girl to the movies about once a month before the mother saw the photos on his computer.

[¶ 4] The affidavit also contained information about four complaints involving Wright and minor children that occurred between 1991 and 1994. Wright pleaded guilty to furnishing alcohol to minors in 1992. Three other incidents had been reported to the police: showing a pornographic film to minors, attempting to buy alcohol for a minor, and inviting children to ride in his car. None of these reports resulted in a charge of wrongdoing.

[¶ 5] Based on his training and experience with sex crimes involving children, the officer stated in his affidavit that pedophiles and collectors of child pornography almost always maintain and possess their materials within a private and secure location, often their computers, and typically retain these collections for many years.

[¶ 6] Wright filed a motion to suppress the evidence found in the search of his residence and computer system, asserting that the warrant was issued based on stale information. After the court denied the motion, Wright entered conditional pleas pursuant to M.R.Crim. P. 11(a)(2), preserving his right to appeal the denial of his motion.

## II. DISCUSSION

[¶ 7] Wright contends that the information contained in the affidavit was stale because his friend had observed the material on his computer at least eighty days before the warrant was issued. He argues that nothing in the affidavit suggests that the material sought by the police would still be at his house after eighty days. Rather, he contends, because he knew his friend had observed the material, he had a strong incentive to dispose of the material within the elapsed time. Although the affidavit cites expert or specialized knowledge suggesting that a "pedophile" or "collector" of child pornography is likely to retain the images rather than dispose of them, Wright argues that nothing in the affidavit suggests that he fits within either of these groups.

[¶ 8] When reviewing a denial of a motion to suppress, we review directly the finding of probable cause made by the magistrate who issued the warrant, affording great deference to the issuing magistrate. *State v. Basu,* 2005 ME 74, ¶ 16, 875 A.2d 686, 691; *State v. Higgins,* 2002 ME 77, ¶ 20, 796 A.2d 50, 56. In determining whether probable cause exists, the magistrate applies the "totality of the circumstances" test adopted in *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), which requires a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Higgins,* 2002 ME 77, ¶ 20, 796 A.2d at 56 (quotation marks omitted). "Courts must give the affidavit a positive reading and review the affidavit with all reasonable inferences that may be drawn to support the magistrate's determination." *Id.* (quotation marks omitted).

[¶ 9] We have not prescribed a "*per se* rule fixing a specified period as a mandatory maximum time within which, to be valid, a search warrant must be sought after ... the events relied upon to show probable cause; the approach is *ad hoc* in terms of the circumstances of each case ...." *State v. Crowley,* 1998 ME 187, ¶ 5, 714 A.2d 834, 836 (quoting *State v. Willey,* 363 A.2d 739, 742 (Me.1976)). " '[W]hether past circumstances disclose a probable cause that is still continuing at the time of the request for a search warrant is not determined merely by the passage of time, but may also depend upon the circum-

stances of each case.'" [3] *Id.* (quoting *State v. Friel,* 508 A.2d 123, 127 (Me. 1986)). "Stale" information may "be considered in conjunction with the affidavit as a whole and may be freshened by the other corroborating statements in the affidavit." *Id.* ¶ 5, 714 A.2d at 837.

[¶ 10] We have not previously addressed the issue of staleness in the context of a child pornography case. Most courts that have addressed the issue appear to agree that staleness cannot be determined by lapse of time alone. Susan S. Kreston, *Computer Search and Seizure Issues in Internet Crimes Against Children Cases,* 30 RUTGERS COMPUTER & TECH. L.J. 327, 341–42 (2004). In child pornography cases, if there is reasonable cause to believe that the material will be present when and where the search is to be conducted, staleness claims have been overcome for periods longer than the one present here. *See United States v. Harvey,* 2 F.3d 1318, 1322–23 (3rd Cir.1993) (two to fifteen months not stale); *United States v. Horn,* 187 F.3d 781, 786–87 (8th Cir.1999) (three months not stale); *United States v. Hay,* 231 F.3d 630, 636 (9th Cir.2000) (six months not stale); *United States v. Lacy,* 119 F.3d 742, 745–46 (9th Cir.1997) (ten months not stale); *United States v. Albert,* 195 F.Supp.2d 267, 271–72, 277–78

(D.Mass.2002) (four to five months not stale). Courts generally rely on an expert opinion in the affidavit that "those who deal in pornography treat these materials as valuable commodities, sometimes even regarding them as collections, and retain them in secure but available places for extended periods of time." Kreston, *Computer Search and Seizure Issues in Internet Crimes Against Children Cases,* 30 RUTGERS COMPUTER & TECH. L.J. at 342; *see Harvey,* 2 F.3d at 1322–23; *Hay,* 231 F.3d at 636; *Lacy,* 119 F.3d at 745–46; *Albert,* 195 F.Supp.2d at 278.

[¶ 11] Here, the information in the affidavit was not so stale as to make the warrant defective. The affiant stated, based on his training and experience, that a person who possesses child pornography tends to keep the images he collects indefinitely. Thus, there was a substantial basis for the issuing magistrate, considering the nature of the crime and the nature of the contraband, to conclude that despite the passage of eighty days, the contraband would likely still be in Wright's possession. The conclusion that Wright was likely a pedophile or a collector of child pornography was reinforced by the information in the affidavit regarding prior complaints and his more recent improper and questionable contacts with children.[4]

---

**3.** Circumstances generally taken into account by courts in determining when the evidence sought is likely still to be in place include (1) the character of the criminal activity under investigation, i.e., discrete crime or regenerating conspiracy; (2) the character of the accused, i.e., nomadic or entrenched; (3) the character of the thing to be seized, i.e., whether it is perishable or easily transferable; and (4) the place to be searched, i.e., forum of convenience or operational base. WAYNE R. LAFAVE, SEARCH AND SEIZURE § 3.7(a) (4th ed.2004). "'Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles

rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, ... the passage of time becomes less significant.'" *Id.* (quoting *United States v. Johnson,* 461 F.2d 285, 287 (10th Cir.1972)).

**4.** *Cf. United States v. Weber,* 923 F.2d 1338, 1345 (9th Cir.1990) (holding that court could not base finding of probable cause on an affidavit that included stale information and did not indicate whether the suspect was a child molester, pedophile, or collector of child pornography).