STATE OF MAINE

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

UNIFIED CRIMINAL DOCKET

LOCATION: PORTLAND

2009 NOV 20  A 10: 51  DOCKET NO. CUMCD-CR-09-4464 ✓

STATE OF MAINE

VS.                                    DECISION AND ORDER

RONALD MESERVE

The defendant is charged by indictment with eight counts of possession of sexually explicit materials. The state obtained a search warrant on June 9, 2009 to search the defendant's home and computers. On that date the state police conducted the search and spoke to the defendant. The defendant has filed a motion to suppress asserting that there was no probable cause to obtain the warrant, and that defendant's statements to the police were illegally obtained because the statements resulted from custodial interrogation without Miranda warnings. A hearing on the motion was held on November 12, 2009.

## SEARCH WARRANT

The defendant asserts that the affidavit requesting the search warrant lacks probable cause because the information therein is "stale."

The affidavit is not entirely clear as to when certain events occurred.[1] Nevertheless, given the totality of the circumstances, the deference afforded to the issuing judge, and the need to read the affidavit positively with reasonable inferences, the affidavit is not "stale" and does support a finding of probable cause.[2] As of June 9, 2009 the affiant was aware that an IP computer address "had been assigned on December 9, 2008" to the defendant; that this IP address had been sharing child pornography files as recently as June 7, 2009; that the defendant resided at the physical address requested to be searched; and that "persons who possess or disseminate child pornography via the Internet usually retain those images for a very long period of time." See *State v. Wright*, 2006 ME 13, ¶¶ 8, 10, 11, 890 A.2d 703, 705-706.

## DEFENDANT'S STATEMENTS

The defendant asserts that all of his statements to the police on June 9, 2009 should be suppressed because they were the result of custodial interrogation without being advised of his Miranda rights. *Miranda v. Arizona*, 384 U.S. 436 (1966).

Four state police officers and a Gorham police officer appeared in uniform at the defendant's home on June 9 to execute the search warrant. The entire search took about two and one half hours with at least five uniformed officers present. It took place at defendant's home in which his wife was also running a day care center.

Defendant's wife and son were home when the police arrived. The defendant was not home. The first conversation between the state police and the defendant occurred over

---

[1] The first sentence of paragraph 8 on page 4 states that Charles Howe IV signed onto the Wyoming website "[i]n March of 2009." The second sentence states that Charles Howe IV told the affiant that the Wyoming website revealed an IP address was sharing child pornography, but does not state when the affiant was told. Paragraph 9 on page 5 states that a "reverse lookup" of an IP address occurred, but does not state when it occurred. Paragraph 9 also states that the Cumberland County District Attorney issued a subpoena, but does not state when it was issued. Paragraph 12 on page 5 states that a Gorham Police Department Detective observed defendant's residence on "March 29, 2007," a date that seems out of sequence and unrelated to the other events described in the affidavit, although the affidavit contains other information in paragraphs 9, 11, and 13 on page 5 that the physical address is defendant's address.

[2] Even if the search warrant was defective, the officers acted in good faith in executing the warrant, and this exception to the exclusionary rule would apply because reliance on the warrant was not "entirely unreasonable." See *State v. Diamond*, 628 A.2d 1032 (Me. 1993).

2

the phone. After speaking to the defendant's son and getting the defendant's phone number, Sergeant Lang of the state police called the defendant. Most of this conversation was recorded. The defendant answered his cell phone and was told by Sergeant Lang that they were executing a search warrant, that it was not something they wanted to talk about on a cell phone, that they would like to discuss it in person, and that "you probably need to come on home." The statements by Sergeant Lang were made in a calm and non-authoritative tone of voice. The defendant was in his vehicle some distance from his home. Sergeant Lang told the defendant that no one was under arrest. Despite Sergeant Lang's initial reluctance, a lengthy phone conversation of about twenty-nine minutes took place. During that conversation Sergeant Lang and Detective Northrup asked the defendant some questions and indicated that they had found some child pornography on defendant's computer, but the defendant was clearly eager and willing to provide information.

About fifteen minutes after the phone call ended the defendant arrived home while the police were still there conducting the search. Because the defendant's wife was obviously angry and others were present, the defendant voluntarily left the home at Sergeant Lang's suggestion and went to the nearby barn on the property with Sergeant Lang and Detective Northrup. The barn has a wide sliding door that was open the entire time during the conversation. The defendant was not told that he was under arrest, was not told that he was free to leave, but was also not told that he could not leave. The officers were in uniform with firearms visible at their waists. The conversation, which was also recorded, lasted about 15 minutes. Again, the defendant answered questions and was eager to provide information.

When this second conversation ended, Sergeant Lang asked the defendant to wait in the downstairs area of the home while the police completed their search. At some point after the conversation in the barn there was a conversation with defendant outside near the state police van. This conversation was not recorded and the court did not hear any testimony about it at the motion hearing.

3

The defendant was arrested about thirty minutes after the conversation in the barn. The defendant's son was the initial suspect when the police arrived for the search, but the defendant quickly became the focus of the investigation. Although not directly stated by the police or the defendant, a reasonable person in defendant's position would have known that he was the focus of the investigation. He appeared surprised when informed of his arrest. The surprise could have resulted from both the non-custodial, friendly manner in which he had been treated and statements by Sergeant Lang that the "primary concern" was whether the child pornography was locally produced.[3]

Based on the facts set forth above, the defendant was not in circumstances where a reasonable person would have considered that he was in custody or restrained to the degree of formal arrest during either recorded conversation with the state police officers. *State v. Michaud*, 1998 ME 251, ¶ 4, 724 A.2d 1222, 1226.

## DECISION AND ORDER

Therefore, it is ORDERED that defendant's Motion to Suppress is denied.

Dated: 11/20/09

Judge, Unified Criminal Docket

---

[3] The defendant denied producing child pornography several times during the conversations. Defense counsel intimated in her questioning that the state police officers were disingenuous in telling the defendant that their primary concern was the production of child pornography, which might imply that possession alone was not an issue for defendant to be concerned about. Those statements were somewhat modified in the second conversation when the officers were more direct about possession itself being a crime. In totality, even if the officers engaged in some activity that some might characterize as subterfuge, their actions did not transform the defendant's eager cooperation into involuntary statements. See, e.g., *Frazier v. Cupp*, 394 U.S. 731 (1969); *U.S. v. Unser*, 165 F.3d 755 (10th Cir 1999); *U.S. v. Blue*, 122 Fed Appx 427, 430-431 (10th Cir 2005).

4

vs
RONALD  MESERVE
8 NEWELL STREET
GORHAM ME 04038

Docket No  CUMCD-CR-2009-04464

**DOCKET RECORD**

DOB: 04/26/1946
Attorney: SARAH CHURCHILL                    State's Attorney: STEPHANIE ANDERSON
         STRIKE, GOODWIN & O'BRIEN
         400 ALLEN AVENUE
         PORTLAND ME 04103-3715
         APPOINTED 06/10/2009

Filing Document: CRIMINAL COMPLAINT          Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 06/10/2009

## Charge(s)

1   POSSESS SEXUAL EXPLICIT MATERIAL OF MINOR  06/09/2009 GORHAM
    UNDER 12
Seq 10951 17-A  284(1)(C)          Class C
   FIELD                / MSP

2   POSSESS SEXUAL EXPLICIT MATERIAL OF MINOR  06/09/2009 GORHAM
    UNDER 12
Seq 10951 17-A  284(1)(C)          Class C
   FIELD                / MSP

3   POSSESS SEXUAL EXPLICIT MATERIAL OF MINOR  06/09/2009 GORHAM
    UNDER 12
Seq 10951 17-A  284(1)(C)          Class C
   FIELD                / MSP

4   POSSESS SEXUALLY EXPLICIT MATERIAL          06/09/2009 GORHAM
Seq 11052 17-A  284(1)(A)          Class D  Charged with INDICTMENT on Supplem
   NORTHRUP              / MSP

5   POSSESS SEXUAL EXPLICIT MATERIAL OF MINOR  06/09/2009 GORHAM
    UNDER 12
Seq 10951 17-A  284(1)(C)          Class C  Charged with INDICTMENT on Supplem
   NORTHRUP              / MSP

6   POSSESS SEXUALLY EXPLICIT MATERIAL          06/09/2009 GORHAM
Seq 11052 17-A  284(1)(A)          Class D  Charged with INDICTMENT on Supplem
   NORTHRUP              / MSP

7   POSSESS SEXUAL EXPLICIT MATERIAL OF MINOR  06/09/2009 GORHAM
    UNDER 12
Seq 10951 17-A  284(1)(C)          Class C  Charged with INDICTMENT on Supplem
   NORTHRUP              / MSP

8   POSSESS SEXUALLY EXPLICIT MATERIAL          06/09/2009 GORHAM
Seq 11052 17-A  284(1)(A)          Class D  Charged with INDICTMENT on Supplem
   NORTHRUP              / MSP

## Docket Events:

06/10/2009 FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 06/10/2009

06/10/2009 Charge(s): 1,2,3
HEARING - INITIAL APPEARANCE SCHEDULED FOR 06/10/2009 @ 1:00 in Room No. 1

NOTICE TO PARTIES/COUNSEL
06/10/2009 MOTION - MOTION TO IMPOUND FILED BY STATE ON 06/10/2009

06/15/2009 MOTION - MOTION TO IMPOUND GRANTED ON 06/10/2009
ROBERT E CROWLEY , JUSTICE
COPY TO PARTIES/COUNSEL
ORIGINAL FILED W/ SEARCH
WARRANT
06/15/2009 Charge(s): 1,2,3
HEARING - INITIAL APPEARANCE HELD ON 06/10/2009

06/15/2009 BAIL BOND - $5,000.00 CASH BAIL BOND FILED ON 06/15/2009

Bail Receipt Type: CR
Bail Amt: $5,000
                              Receipt Type: CK
Date Bailed: 06/10/2009    Prvdr Name: DARLENE  MESERVE
                           Rtrn Name: DARLENE  MESERVE
#636
06/19/2009 Party(s): RONALD MESERVE
ATTORNEY - APPOINTED ORDERED ON 06/10/2009

Attorney: SARAH CHURCHILL
06/19/2009 BAIL BOND - $10,000.00 SURETY BAIL BOND SET BY COURT ON 06/10/2009
ROBERT E CROWLEY , JUSTICE
OR $5,000.00 WITH CONDITIONS
06/19/2009 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 06/10/2009

06/19/2009 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 06/10/2009
ROBERT E CROWLEY , JUSTICE
COPY TO PARTIES/COUNSEL
06/19/2009 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 08/11/2009 @ 9:30 in Room No. 7

06/19/2009 TRIAL - JURY TRIAL SCHEDULED FOR 09/08/2009 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
07/06/2009 TRIAL - JURY TRIAL CONTINUED ON 07/06/2009

9-8-09 IS A STATE SHUTDOWN DAY.  CASE RESCHEDULED FOR TRIAL EXP 9-14-09
07/06/2009 Charge(s): 1,2,3
TRIAL - JURY TRIAL SCHEDULED FOR 09/14/2009 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
07/07/2009 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 07/07/2009

07/07/2009 HEARING - BAIL HEARING SCHEDULED FOR 07/13/2009 @ 8:30 in Room No. 7

NOTICE TO PARTIES/COUNSEL
07/07/2009 HEARING - BAIL HEARING NOTICE SENT ON 07/07/2009

07/13/2009 BAIL BOND - CASH BAIL BOND AMENDED ON 07/13/2009

            Date Bailed: 06/10/2009
            #636
07/13/2009 MOTION - MOTION TO AMEND BAIL GRANTED ON 07/13/2009
            JOYCE A WHEELER , JUSTICE
            COPY TO PARTIES/COUNSEL
07/22/2009 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 07/22/2009

08/11/2009 TRIAL - JURY TRIAL NOT HELD ON 08/11/2009

08/11/2009 HEARING - DISPOSITIONAL CONFERENCE NOT HELD ON 08/11/2009

08/11/2009 HEARING - BAIL HEARING HELD ON 07/13/2009

08/11/2009 Charge(s): 1,2,3
            TRIAL - JURY TRIAL NOT HELD ON 08/11/2009

08/11/2009 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 10/06/2009 @ 9:30 in Room No.  7

08/11/2009 TRIAL - JURY TRIAL SCHEDULED FOR 11/09/2009 @ 8:30 in Room No.  11

            NOTICE TO PARTIES/COUNSEL
08/11/2009 TRIAL - JURY TRIAL NOTICE SENT ON 08/11/2009

09/15/2009 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 09/15/2009

09/15/2009 Charge(s): 1,2,3,4,5,6,7,8
            SUPPLEMENTAL FILING - INDICTMENT FILED ON 09/11/2009

09/15/2009 Charge(s): 1,2,3,4,5,6,7,8
            HEARING - ARRAIGNMENT SCHEDULED FOR 10/06/2009 @ 9:30

09/15/2009 Charge(s): 1,2,3,4,5,6,7,8
            HEARING - ARRAIGNMENT NOTICE SENT ON 09/15/2009

10/14/2009 Charge(s): 1,2,3,4,5,6,7,8
            MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/13/2009

10/15/2009 Charge(s): 1,2,3,4,5,6,7,8
            HEARING - ARRAIGNMENT CONTINUED ON 10/06/2009
            THOMAS D WARREN , JUSTICE
10/15/2009 HEARING - DISPOSITIONAL CONFERENCE HELD ON 10/06/2009
            THOMAS D WARREN , JUSTICE
            Attorney: SARAH CHURCHILL
            DA: ROBERT ELLIS
10/15/2009 Charge(s): 1,2,3,4,5,6,7,8
            HEARING - MOTION TO SUPPRESS SCHEDULED FOR 10/29/2009 @ 1:00 in Room No.  8

NOTICE TO PARTIES/COUNSEL
10/15/2009 Charge(s): 1,2,3,4,5,6,7,8
HEARING - MOTION TO SUPPRESS NOTICE SENT ON 10/15/2009

10/23/2009 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 10/23/2009

Attorney: SARAH CHURCHILL
JH
10/27/2009 MOTION - MOTION TO CONTINUE GRANTED ON 10/26/2009
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL
10/27/2009 Charge(s): 1,2,3,4,5,6,7,8
HEARING - MOTION TO SUPPRESS CONTINUED ON 10/27/2009

10/27/2009 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 11/12/2009 @ 1:00 in Room No. 8

NOTICE TO PARTIES/COUNSEL
10/27/2009 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 10/27/2009

JH
11/02/2009 TRIAL - JURY TRIAL CONTINUED ON 11/02/2009

11/13/2009 HEARING - MOTION TO SUPPRESS HELD ON 11/12/2009
ROLAND BEAUDOIN , JUDGE
Attorney: SARAH CHURCHILL
DA: ROBERT ELLIS          Reporter: TIMOTHY THOMPSON
Defendant Present in Court

STATE'S WITNESSES: 1) GLEN LANG, 2) LAURIE NORTHRUP.
11/13/2009 Charge(s): 1,2,3,4,5,6,7,8
MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 11/12/2009
ROLAND BEAUDOIN , JUDGE
11/13/2009 NOTE - OTHER CASE NOTE ENTERED ON 11/12/2009

COURT REVISED BAIL CONDITION TO SUPERVISED CONTACT WITH MINORS ON THANKSGIVING DAY ONLY.
11/13/2009 CASE STATUS - CASE FILE LOCATION ON 11/12/2009

FILE WITH JUDGE BEAUDOIN.                                     JH
11/20/2009 CASE STATUS - CASE FILE RETURNED ON 11/20/2009

11/20/2009 TRIAL - JURY TRIAL SCHEDULED FOR 01/11/2010 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
11/20/2009 TRIAL - JURY TRIAL NOTICE SENT ON 11/20/2009

11/20/2009 Charge(s): 1,2,3,4,5,6,7,8
MOTION - MOTION TO SUPPRESS DENIED ON 11/20/2009
ROLAND BEAUDOIN , JUDGE
COPY TO PARTIES/COUNSEL

## Receipts

| Date | | Amount | | |
|---|---|---|---|---|
| 07/13/2009 | Attorney Payment | $50.00 | CK | paid. |
| 08/06/2009 | Attorney Payment | $50.00 | CK | paid. |

09/16/2009  Attorney Payment      $50.00          CK      paid.
10/06/2009  Attorney Payment      $150.00         CK      paid.

## Exhibits

11/12/2009  STATE, Exhibit#S-1, CD OF INTERVIEWS., Adm w/o obj on 11/12/2009.

A TRUE COPY
ATTEST:  _____

                Clerk