STATE OF MAINE                           UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                          DOCKET NO: CR-2009-4017

STATE OF MAINE

v.                                                    **ORDER**

CHAD GURNEY



Defendant Chad Gurney moves to suppress all evidence obtained as a result of two search warrants issued on May 29, 2009, and June 9, 2009. Mr. Gurney argues that the affidavits supporting the warrants were insufficient to establish probable cause and the searches thus violated his Fourth Amendment right.

## BACKGROUND

Mr. Gurney stands accused of arson and the murder of Zoe Sarnacki. On May 29, 2009, Detective Eli Chase of the Portland Police Department filed an affidavit and warrant to search certain portable electronic devices Mr. Gurney had voluntarily surrendered on arrest. These items consisted of an Apple brand laptop computer, Apple brand iPod portable music player, a Blackberry brand cellular telephone/PDA device, and electronic storage media and data contained within each of the three devices. Detective Chase specializes in computer crimes and has substantial experience with and training in electronics, computers, software, and forensic data recovery.

In his affidavit, Detective Chase reported learning that the Portland Fire Department had responded to reports of smoke coming from the third floor of

1

463 Cumberland Avenue on May 25, 2009 at approximately 6:35 in the evening. The Department found a working fire coming from apartment #8 and forced its way inside. As they worked to extinguish the fire, members of the Fire Department found a charred female body lying on a bed in the apartment. The body was later identified as Ms. Sarnacki. The scene was secured, and the Portland Police Detectives arrived to begin their investigation.

Apartment #8 had been rented to Mr. Gurney and his was the sole name on the lease. Inside the apartment, detectives found that Ms. Sarnacki's head had been severed and that various items including a crucifix had been placed on or around her body prior to burning. The detectives also learned that Mr. Gurney's best friend was Corey Bryant. Detectives Scott Dunham and Lisa Sweatt located Mr. Bryant and spoke with him at his residence on May 26, 2009, at approximately 1:00 am. Mr. Bryant told the detectives that Mr. Gurney had been planning a trip to Thailand, and that Mr. Bryant had called him on May 25, 2009, but that his calls had not been returned. In the past, Mr. Gurney had told Mr. Bryant that he believed himself to be a prophet.

One hour later, at approximately 2:08 am on May 26, 2009, Portland Police Department Officer Jason King was on routine patrol when he stopped a vehicle for failing to stop at a red light. Mr. Bryant was driving the vehicle, and he was actively talking to Mr. Gurney on a cellular telephone. Mr. Bryant informed Officer King that Mr. Gurney was on the phone, and then handed the phone over. Officer King was then able to speak with Mr. Gurney and learned that Mr. Gurney was staying in Room #107 at the Crest Motel in Old Orchard Beach. Mr. Gurney indicated that he wished to turn himself in. The Old Orchard Police

2

Department and Detectives Rybeck and Vogel from the Portland Police were notified.

At approximately 4:00 am on May 26, 2009, Mr. Gurney left his hotel room and was taken into custody. He was transported to the Portland Police Department Headquarters and interviewed by Detective Dunham. After receiving and waiving his Miranda warnings, Mr. Gurney told Detective Dunham that he had been in a struggle with Ms. Sarnacki, his girlfriend, during which he strangled her until he knew she was dead. He then decapitated her with a knife and walked to a nearby gas station to purchase gasoline. He returned to his apartment, poured the gasoline on Ms. Sarnacki's body, and ignited it. Mr. Gurney then collected a bag he had packed for his trip to Thailand, his laptop, and a shotgun and drove to the Motel in Old Orchard Beach. He claimed to have no particular reason for severing Ms. Sarnacki's head or placing the crucifix and other objects on and around her body.

Detective Chase arrived at the Portland Police Department's property and evidence section at approximately 11:30 am on May 26, 2009. There he examined the electronic items that had been retrieved from Mr. Gurney's hotel room after he was taken into custody. The Apple brand laptop's LED light was on and pulsing, indicating that the computer was in "sleep mode." Detective Chase did not open the computer's lid or remove its battery because he understood that doing so would risk losing a decryption key for data stored on the computer's hard drive.

On May 29, 2009, Detective Chase requested and received a warrant to search the named electronic devices for "[c]omputer records or data, whether in printed or electronic form, that are evidence of indifference to the value of

3

Facebook account. During the conversation Mr. Bryant indicated that he had deleted Mr. Gurney as a friend. Later interviews with Mr. Gurney's friends and former girlfriends led Detective Murphy to believe that relevant information might be contained in Mr. Gurney's Facebook account.

## DISCUSSION

The Fourth Amendment requires a showing of probable cause prior to the issuance of a search warrant. "When determining whether probable cause exists, the judicial officer must rely on 'factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act.'" *State v. Samson*, 2007 ME 33, ¶ 11, 916 A.2d 977, 980 (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)) (alteration in original). "Probable cause exists when, based on the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* ¶ 12, 916 A.2d at 981 (quoting *State v. Wright*, 2006 ME 13, ¶ 8, 890 A.2d 703, 705).

When asked to review the issuance of a warrant, the court's role is to ensure that the judicial officer who issued the warrant "had a 'substantial basis for . . . [concluding]' that probable cause existed." *Gates*, 462 U.S. at 238–39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83 (1980)) (alterations in original). The reviewing court directly reads "the affidavit in support of the warrant in a positive light and consider[s] all reasonable inferences that may be drawn from information in the affidavit." *Samson*, 2007 ME 33, ¶ 11, 916 A.2d at 980–81.

Mr. Gurney objects to both warrants on the ground that their supporting affidavits fail to establish any evidentiary nexus between the items to be searched and the alleged criminal activity. He also objects that Detective Murphy's

affidavit supporting the June 9, 2009 warrant does not establish that the Facebook account of "Chad Thomas" in fact belonged to Chad Thomas Gurney.

Detective Chase's affidavit provides a substantial basis for the issuing justice to find a fair probability that evidence relating to Mr. Gurney's alleged criminal activity would be found on his laptop computer, Blackberry cellular telephone/PDA device, and their attendant electronic storage devices. Mr. Gurney confessed to killing Ms. Sarnacki. Credible evidence indicated that he communicated through his Facebook account shortly before the killing, and used a cellular phone to call his friend Mr. Bryant shortly after. The Blackberry telephone and Apple computer were with Mr. Gurney when he was apprehended on the same evening. The computer was turned on when it was seized, but in sleep mode.

The justice could reasonably infer that Mr. Gurney had used his computer to communicate via his Facebook account or in other ways, that he had been using the computer shortly before being apprehended, and that he had used his Blackberry phone to call Mr. Bryant. It was likewise reasonable to believe that there was at least a fair probability that evidence relating to Mr. Gurney's activities, whereabouts, communications, motives, plans, and state of mind could be stored within those devices. The motion to suppress evidence obtained from the Apple computer, Blackberry cellular telephone, and their attendant storage devices is denied.

Unlike the computer and cellular telephone, Detective Chase's affidavit does not make any mention of the Apple iPod portable music player apart from its presence with the other devices. There is no reason to believe that evidence

6

relating to the alleged criminal activity might be found on the iPod, and the motion to suppress evidence from that device is granted.

While Detective Murphy's affidavit supplies less support for searching Mr. Gurney's Facebook account than Detective Chase's does for the devices, it does provide a substantial basis for the issuing judge's decision. The affidavit indicates that Chad Thomas Gurney admitted to killing Ms. Sarnacki shortly after surrendering himself to police custody. After the killing but before Mr. Gurney's apprehension, Detectives Dunham and Sweatt interviewed Mr. Bryant at his home. During the interview Mr. Bryant logged into his own Facebook account and was able to tell the detectives that Mr. Gurney had recently communicated through the Facebook network. When Mr. Gurney was found, he had a laptop computer and a Blackberry PDA in his possession. Detective Murphy later spoke with Mr. Bryant about Mr. Gurney's facebook account.

From this, the judge could reasonably infer that the detectives learned Mr. Gurney's Facebook identity through Mr. Bryant, and that there was a strong chance Mr. Gurney had used his computer or PDA to update his Facebook account around the time of the killing. The judge could also conclude that there was a strong probability the Facebook records would hold evidence of Mr. Gurney's contacts, locations, activities, motives, plans, and state of mind shortly before and after he killed Ms. Sarnacki. The motion to suppress evidence obtained from Facebook, Inc., is denied.

**The entry is:**

The warrants and supporting affidavits contained sufficiently credible and detailed facts to provide the issuing judicial officers with a substantial basis to conclude that the detectives had probable cause to search the Apple brand laptop

7

computer and associated storage media, Blackberry brand cellular telephone/PDA device and associated storage media, and Facebook, Inc. The motions to suppress evidence obtained from these items are denied. The affidavits did not demonstrate probable cause to search the Apple brand iPod, and the motion to suppress evidence from that device is granted.

DATE: July 12, 2010

Roland A. Cole
Justice Superior Court

8

STATE OF MAINE
  vs
CHAD GURNEY
463 CUMBERLAND AVE APT 8
PORTLAND ME 04103

Docket No  CUMCD-CR-2009-04017

**DOCKET RECORD**

DOB: 08/19/1981
Attorney: ROBERT LEBRASSEUR
          LAW OFFICE OF ROBERT C LEBRASSEUR PC
          415 CONGRESS STREET SUITE 202
          PORTLAND ME 04101
          RETAINED 06/09/2009

State's Attorney: LISA MARCHESE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 05/27/2009

Major Case Type: HOMICIDE

## Charge(s)

| 1  MURDER | | | 05/25/2009 PORTLAND |
|---|---|---|---|
| Seq 621   17-A  201(1)(A) | | Class M | |
| RYBECK | / POR | | |

| 2  ARSON | | | 05/25/2009 PORTLAND |
|---|---|---|---|
| Seq 776   17-A  802(1)(A) | | Class A | |
| RYBECK | / POR | | |

## Docket Events:

05/27/2009 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 05/27/2009

05/27/2009 MOTION -  MOTION TO IMPOUND FILED BY STATE ON 05/27/2009

05/27/2009 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/27/2009

05/27/2009 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 05/27/2009

        MOTION TO PRESERVE
05/27/2009 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 05/27/2009

        TO WEAR PROPER COURT ATTIRE
05/27/2009 MOTION -  OTHER MOTION GRANTED ON 05/27/2009
        ROLAND A COLE , JUSTICE
        TO WEAR PROPER COURT ATTIRE
05/27/2009 MOTION -  MOTION FOR MENTAL EXAMINATION FILED BY STATE ON 05/27/2009

05/27/2009 OTHER FILING -  OTHER DOCUMENT FILED ON 05/27/2009

        AFFIDAVIT  IN SUPPORT OF PROBABLE CAUSE
05/28/2009 ORDER -  COURT ORDER ENTERED ON 05/28/2009
        ROLAND A COLE , JUSTICE
        ORDER TO IMPOUND                                    AFFIDAVIT AND
        REQUEST FOR SEARCH WARRANT, SEARCH WARRANT, INVENTORY AS WELL AS ANY ATTACHMENTS IMPOUNDED
        AND MADE A PART OF CUMCD-CR-2009-4017
05/28/2009 CASE STATUS -  CASE FILE LOCATION ON 05/28/2009

CASE ON PENNY'S DESK WAITING TO GET IN TOUCH WITH DET VAUGHN TO GET THE INVENTORY COVER
SHEET SO THAT THE INVENTORY IS SWORN TO.
05/29/2009 OTHER FILING - OTHER DOCUMENT FILED ON 05/28/2009

SEARCH WARRANT ALONG WITH AFFIDAVIT AND INVENTORY FILED
05/29/2009 MOTION - MOTION FOR MENTAL EXAMINATION GRANTED ON 05/27/2009
ROLAND A COLE , JUSTICE
COPY SENT TO STATE FORENSIC SERVICE
                                                    STAGE  I & II ORDERED
05/29/2009 PSYCHIATRIC EXAM - STAGE ONE EXAM ORDERED ON 05/27/2009
ROLAND A COLE , JUSTICE
05/29/2009 PSYCHIATRIC EXAM - STAGE TWO EXAM ORDERED ON 05/27/2009
ROLAND A COLE , JUSTICE
05/29/2009 MOTION - OTHER MOTION GRANTED ON 05/27/2009
ROLAND A COLE , JUSTICE
MOTION TO PRESERVE
05/29/2009 Charge(s): 1,2
HEARING - INITIAL APPEARANCE HELD ON 05/27/2009
ROLAND A COLE , JUSTICE
Attorney: ROBERT LEBRASSEUR
DA: LISA MARCHESE
Defendant Present in Court

TAPE 3285 AFF IN SUPPORT OF PROBABLE CAUSE SIGNED IN OPEN COURT, STATE REQUEST A HARNISH
HEARING. DEFENDANT WAIVES RIGHT FOR HARNISH HEARING UNTIL AFTER DISCOVERY IS PROVIDED. R
LEBRASSEUR STANDING IN. DEFENDANT DOWS NOT QUALIFY FOR COURT APPOINTMENT. MTN TO PRESERVE
GRANTED. MTN TO IMPOUND GRANTED. STAGE I & II ORDERED. JUSTICE COLE TO REVIEW RECORDS.
COPY NOT TO BE GIVEN TO AG & ATTY UNTIL FURTHER ORDER. NO PLEA ENTERED.
06/01/2009 OTHER FILING - OTHER DOCUMENT FILED ON 06/01/2009

ADDENDUM TO REQUEST FOR SEARCH WARRANT
06/05/2009 MOTION - OTHER MOTION FILED BY PETITIONER ON 06/05/2009

Attorney: PAUL DRISCOLL
EAST END CORPS MOTION FOR ORDER AMENDING ORDER DATED MAY 27, 2009 ENTERED @ 1:30 PM
06/08/2009 MOTION - OTHER MOTION GRANTED ON 06/05/2009
ROLAND A COLE , JUSTICE
EAST END CORPS MOTION FOR ORDER AMENDING ORDER DATED MAY 27, 2009 ENTERED @ 1:30 PM.
MOTION GRANTED AS REQUESTED.
06/08/2009 OTHER FILING - OTHER DOCUMENT FILED ON 06/08/2009

AFFIDAVIT AND REQUEST FOR SEARCH WARRANT RETURNED & FILED PER J COLE 6/8/09, NO REQUEST
FOR IMPOUNDMENT.
06/08/2009 LETTER - FROM NON-PARTY FILED ON 06/05/2009

LETTER FROM STATE FORENSIC INFORMING COURT THAT THE STAGE I IS SET FOR 6/8/09 @ 8:30 A.M.
06/09/2009 Charge(s): 1,2
SUPPLEMENTAL FILING - INDICTMENT FILED ON 06/04/2009

06/10/2009 Party(s): CHAD GURNEY
ATTORNEY - RETAINED ENTERED ON 06/09/2009

Attorney: ROBERT LEBRASSEUR

06/10/2009 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 06/09/2009

06/19/2009 HEARING - CONFERENCE HELD ON 06/19/2009
         ROLAND A COLE , JUSTICE
         Attorney: ROBERT LEBRASSEUR
         DA: LISA MARCHESE
         CHAMBERS CONFERENCE HELD. ARRAIGNMENT SCHEDULED FOR JULY 16, 2009 AT 8:30 AM.
06/19/2009 Charge(s): 1,2
         HEARING - ARRAIGNMENT SCHEDULED FOR 07/16/2009 @ 8:30 in Room No. 11

06/19/2009 Charge(s): 1,2
         HEARING - ARRAIGNMENT NOTICE SENT ON 06/19/2009

07/16/2009 Charge(s): 1,2
         HEARING - ARRAIGNMENT NOT HELD ON 07/16/2009

08/03/2009 PSYCHIATRIC EXAM - STAGE TWO REPORT FILED ON 08/03/2009

08/17/2009 PSYCHIATRIC EXAM - STAGE TWO REPORT FILED ON 08/17/2009

08/26/2009 Charge(s): 1,2
         HEARING - ARRAIGNMENT SCHEDULED FOR 09/03/2009 @ 1:00 in Room No. 8
         ROLAND A COLE , JUSTICE
08/26/2009 Charge(s): 1,2
         HEARING - ARRAIGNMENT NOTICE SENT ON 08/26/2009

09/01/2009 MOTION - OTHER MOTION FILED BY DEFENDANT ON 09/01/2009

         MOTION TO WEAR PROPER COURT ATTIRE.
09/02/2009 MOTION - OTHER MOTION GRANTED ON 09/02/2009
         ROBERT E CROWLEY , JUSTICE
         MOTION TO WEAR PROPER COURT ATTIRE.
09/03/2009 PSYCHIATRIC EXAM - STAGE THREE EXAM ORDERED ON 09/03/2009
         ROLAND A COLE , JUSTICE
09/03/2009 Charge(s): 1,2
         HEARING - ARRAIGNMENT HELD ON 09/03/2009
         ROLAND A COLE , JUSTICE
         Attorney: ROBERT LEBRASSEUR
         DA: LISA MARCHESE
         DEFENDANT INFORMED OF CHARGES. 21 DAYS TO FILE MOTIONS            COURT ORDER
         STAGE III COPIES TO BE GIVE TO ATTY WHEN FILED. 60 DAYS FROM FILING STAGE III   ER TAPE
         3419 INDEX 10
09/03/2009 Charge(s): 1,2
         PLEA - NOT CRIMINALLY RESPONSIBLE ENTERED BY DEFENDANT ON 09/03/2009

09/03/2009 BAIL BOND - NO BAIL ALLOWED SET BY COURT ON 09/03/2009
         ROLAND A COLE , JUSTICE
09/03/2009 BAIL BOND - NO BAIL ALLOWED COND RELEASE ISSUED ON 09/03/2009
         ROLAND A COLE , JUSTICE
09/03/2009 ORDER - COURT ORDER FILED ON 08/27/2009
         ROLAND A COLE , JUSTICE
         AFTER CONFERRING WITH DEFENDANT'S ATTORNEY, HE CONSENTS TO RELEASING BOTH STAGE II
         EXAMINATION REPORTS TO HIM AND HIS ATTY FOR THE STATE

10/26/2009 LETTER - FROM NON-PARTY FILED ON 10/22/2009

LETTER FROM STATE FORENSIC INFORMING COURT THAT THE STAGE III EVALUATION IS SET FOR 11-3-09 @ 9:00 A.M.

10/26/2009 LETTER - FROM NON-PARTY FILED ON 10/22/2009

LETTER FROM STATE FORENSIC TO RIVERVIEW RE: ADMISSION ON 10/15/09 @ 11:00 A.M.

11/18/2009 LETTER - FROM NON-PARTY FILED ON 11/09/2009

LETTER FROM STATE FORENSIC INFORMING PARTIES THAT THE DEFENDANT IS DISCHARGED FROM RIVERVIEW FOR PURPOSES OF STAGE III ORDER.

11/20/2009 CASE STATUS - CASE FILE LOCATION ON 11/20/2009

MARIAH'S SHELF

12/18/2009 OTHER FILING - FORENSIC REPORT FILED ON 12/18/2009

COPIES TO PARTIES/COUNSEL

04/16/2010 MOTION - MOTION FOR DISCOVERY FILED BY STATE ON 04/15/2010

04/29/2010 HEARING - CONFERENCE SCHEDULED FOR 05/11/2010 @ 1:00
ROLAND A COLE , JUSTICE
NOTICE TO PARTIES/COUNSEL

05/10/2010 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 05/10/2010

05/10/2010 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 05/10/2010

RESULT OF THE SEARCH WARRANT FOR "FACEBOOK INC"

05/10/2010 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 05/10/2010

OBTAINED AS A RESULT OF THE SEARCH WARRANT FOR APPLE BRAND, MODEL MACBOOK PRO LAPTOP COMPUTER, ANY ELECTRONIC STORAGE MEDIA AND DATA CONTAINED WITHIN SAID MACBOOK PRO LAPTOP, AN APPLE BRAND IPOD CLASSIC, AND A BLACKBERRY BRAND CELLULAR TELEPHONE /PDA DEVICE

05/12/2010 HEARING - CONFERENCE HELD ON 05/11/2010
ROLAND A COLE , JUSTICE
Attorney: ROBERT LEBRASSEUR
DA: LISA MARCHESE
Defendant Not Present in Court

STATUS CONFERENCE HELD IN CHAMBERS, NO RECORDING. JURY SELECTION SET FOR JAN 7, 2011 AT 8:30 AM. ALL PENDING MOTIONS TO BE HEARD ON 7-7-2010 AT 8:30AM,

05/12/2010 TRIAL - JURY TRIAL SCHEDULED FOR 01/07/2011 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL

05/12/2010 TRIAL - JURY TRIAL NOTICE SENT ON 05/12/2010

06/07/2010 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 07/07/2010 @ 8:30 in Room No. 8

NOTICE TO PARTIES/COUNSEL

06/07/2010 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 06/07/2010

06/07/2010 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 07/07/2010 @ 8:30 in Room No. 8

NOTICE TO PARTIES/COUNSEL

06/07/2010 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 06/07/2010

06/18/2010 MOTION - OTHER MOTION FILED BY DEFENDANT ON 06/11/2010

MOTION TO WEAR PROPER COURT ATTIRE FOR HEARING 7-7-10.
06/22/2010 MOTION - OTHER MOTION GRANTED ON 06/22/2010
ROLAND A COLE , JUSTICE
MOTION TO WEAR PROPER COURT ATTIRE FOR HEARING 7-7-10.                    COY TO CCJ.
07/07/2010 HEARING - MOTION TO SUPPRESS STATEMENT NOT HELD ON 07/07/2010

WITHDRAWN
07/07/2010 MOTION - MOTION TO SUPPRESS STATEMENT WITHDRAWN ON 07/07/2010

07/07/2010 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 07/07/2010
ROLAND A COLE , JUSTICE
Attorney: ROBERT LEBRASSEUR
DA: LISA MARCHESE          Reporter: TIMOTHY THOMPSON
AS TO SEARCH WARRANT AS TO FACEBOOK/BLACKBERRY. AFTER HEARING COURT TAKES MATTER UNDER
ADVISEMENT.
07/07/2010 HEARING - CONFERENCE HELD ON 07/07/2010
ROLAND A COLE , JUSTICE
Attorney: ROBERT LEBRASSEUR
DA: LISA MARCHESE
DEADLINES GIVEN. DEF. TO ADVISE THE COURT BY 11-1-10 IF THEY AE GOING  TO PROCEED WITH
JURY TRIAL OR WAIVE JURY. DEF. EXPERT REPORTS TO BE DUE BY 11-1-10. ALL OTHER PRE-TRIAL
MOTIONS BY 12-3-10 ALONG WITH PROPOSED JURY QUESTIONNAIRE,  STATUS CONF. TO BE SET FOR
JAN. 4, 2011.
07/07/2010 HEARING - CONFERENCE SCHEDULED FOR 01/04/2011 @ 9:00

NOTICE TO PARTIES/COUNSEL
07/07/2010 HEARING - CONFERENCE NOTICE SENT ON 07/07/2010

07/13/2010 HEARING - CONFERENCE RET UNDELIVERABLE ON 07/13/2010

07/13/2010 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 07/12/2010
ROLAND A COLE , JUSTICE
THE WARRANTS AND SUPPORTING AFFIDAVITS CONTAINED SUFFICIENTLY CREDIBLE AND DETAILED FACTS
TO PROVIDE THE ISSUING JUDICIAL OFFICERS WITH A SUBSTANTIAL BASIS TO CONCLUDE THAT THE
DETECTIVES HAD PROBABLE CAUSE TO SEARCH THE APLE BRAND LAPTOP OMPUTER AND ASSOCIATED
STORAGE MEDIA, BLACKBERRY BRAND CELLULAR TELEPHONE/PDA DEVICE AND ASSOCIATED STORAGE MEDIA
AND FACEBOOK, INC. THEMOTIONS TO SUPPRESS EVIDENCE OBTAINED FROM THESE ITEMS ARE DENIED.
COPIES MAILED TO PARTIES 7/13/10.
07/13/2010 MOTION - MOTION TO SUPPRESS EVIDENCE GRANTED ON 07/12/2010
ROLAND A COLE , JUSTICE
THE AFFIDAVITS DID NOT DEMOSTRATE PROBABLE CAUSE TO SEARCH THE APPLE BRAND IPOD, AND  THE
MOTION TO SUPPRESS EVIDENCE FROM THAT DEVICE IS GRANTED.   COPIES MAILED TO PARTIES ON 7-
13-10.
07/13/2010 ORDER - COURT ORDER FILED ON 07/12/2010
ROLAND A COLE , JUSTICE
MOTION TO SUPPRESS EVIDENCE DENIED AS TO APPLE BRAND  LAPTOP COMPUTER AND ASSOCIATED
STORAGE MEDIA, BLACKBERRY BRAND CELLULAR TELEPHONE/PDA DEVICE AND ASSOCIATED STORAGE MEDIA
AND FACEBOOK, INC.  - MOTION TO SUPPRESS AS TO THE APPLE BRAND IPOD IS GRANTED.

A TRUE COPY
ATTEST: _____
                    Clerk