MUL-SC# 2<del>11</del>-18   6/26/18
262

STATE OF MAINE                          UNIFIED CRIMINAL COURT
KENNEBEC, ss                            DOCKET NO. CDCR-18-539

**State of Maine,**                  )
                                     )
          *Plaintiff,*               )
                                     )
     v.                              )      **Order Denying Motion to Disclose**
                                     )
**Karon Baker,**                     )
                                     )
          *Defendant.*               )

This matter came before the court on Defendant's motion to disclose the identity of a

confidential informant listed in the search warrant as "CI#2". That individual will not be used as

a witness for the state at trial and is not alleged to be present during the events that form the basis

for the charges. Rather, the individual's significance is limited to the search warrant.

This case is similar to *State v Boutilier*, 2011 ME 17, in which the Defendant also moved

for disclosure of the identity of a confidential informant referred to in a search warrant. As the

Law Court stated,

> A review of the record reveals that Boutilier has not presented adequate evidence
> to support his allegation that the confidential informant's statement served to
> enhance the charges against him or that the informant would have information
> relevant to the case at trial. Since the State specified that it relied only on the
> evidence found in the search of Boutilier's property in bringing the charges
> against him and did not plan to call the informant at trial, Boutilier failed to meet
> his burden of demonstrating that the informant may possess relevant knowledge
> that could assist in his defense at trial.
>
> Boutilier also has not met the requirement of *Chase I* that in order to succeed in
> requiring disclosure of an informant's identity for the purposes of a *Franks*
> hearing, he must raise a legitimate question or doubt as to the affiant's, not the
> informant's, credibility. *Chase I*, 439 A.2d at 531. Boutilier's arguments present
> no more than a mere guess that additional details about the informant might
> support his defense. Thus, the court did not err in denying Boutilier's motion to
> disclose the identity of the confidential informant.

---

[1] In this case, however, Defendant has not properly moved for a *Franks* hearing, making the need for disclosure
of the confidential informant even more attenuated than in *Boutilier*.

*State v Boutilier*, 2011 ME 17, ¶¶ 13-14. The same reasoning is applicable here, and the motion to disclose the identity of the confidential informant is denied.

This Order Denying Motion to Disclose may be incorporated on the docket of the case by reference.

Dated: June 26, 2018

_____
Valerie Stanfill
Judge, Maine District Court

Entered on the docket 6/27/18

DOB: 04/10/1976

Attorney: BRAD GRANT

            FERRIS GURNEY AND CROOK PC

            11 PARK STREET

            WATERVILLE ME 04901

            APPOINTED 05/15/2018

State's Attorney: KATIE SIBLEY

Filing Document: CRIMINAL COMPLAINT

Filing Date: 03/30/2018

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS   03/29/2018 AUGUSTA

Seq 9050  17-A  1105-A(1)(D)        Class A

2    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS   03/29/2018 AUGUSTA

Seq 11550 17-A  1105-A(1)(B)(1)     Class A

3    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS   03/29/2018 AUGUSTA

Seq 9064  17-A  1105-A(1)(H)        Class A

4    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS   03/29/2018 AUGUSTA

Seq 11550 17-A  1105-A(1)(B)(1)     Class A

5    CRIMINAL FORFEITURE OF PROPERTY       03/29/2018 AUGUSTA

Seq 7049  15    5826          Class U

6    CRIMINAL FORFEITURE OF PROPERTY       03/29/2018 AUGUSTA

Seq 7049  15    5826          Class U

## Docket Events:

03/30/2018 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 03/30/2018

03/30/2018 Charge(s): 1,2,3,4

       HEARING -  INITIAL APPEARANCE SCHEDULED FOR 03/30/2018 at 01:00 p.m. in Room No.  1

       NOTICE TO PARTIES/COUNSEL

04/02/2018 Charge(s): 1,2,3,4

       HEARING -  INITIAL APPEARANCE HELD ON 03/30/2018

       WILLIAM  STOKES , JUSTICE

04/02/2018 Charge(s): 1,2,3,4

       PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 03/30/2018

04/02/2018 Charge(s): 1,2,3,4
        HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 05/15/2018 at 02:00 p.m. in Room No.  1

04/02/2018 Charge(s): 1,2,3,4
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 03/30/2018

04/02/2018 Charge(s): 1,2,3,4
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 04/02/2018

04/02/2018 BAIL BOND - $75,000.00 CASH BAIL BOND SET BY COURT ON 03/30/2018
        WILLIAM  STOKES , JUSTICE
        NOT TO USE/POSSES ILLEGAL DRUGS RANDOM SEARCH AND TESTING OF P.V.R. ANYTIME, NO CONTACT
        D/I W/ JENNIFER D'ALESSANDRO NOT TO ENTER R/E/E, NOT TO RETURN TO 2 NOYES COURT IN
        AUGUSTA, NOT TO LEAVE MAINE, CURFEW 9 PM - 8 AM EXCEPT, MEDICAL/LEGAL APPOINTMENTS
04/02/2018 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 04/02/2018

04/03/2018 MOTION - MOTION FOR APPOINTMENT OF CNSL DENIED ON 04/02/2018
        ERIC  WALKER , JUDGE
        COPY TO PARTIES/COUNSEL
05/18/2018 Charge(s): 1,2,3,4
        HEARING - DISPOSITIONAL CONFERENCE HELD ON 05/15/2018 at 02:00 p.m. in Room No.  1
        WILLIAM  STOKES , JUSTICE
        DA:  KATIE SIBLEY
        Defendant Present in Court

        COUNSEL APPOINTED FROM BENCH AND SET FOR ANOTHER CONFERENCE
05/18/2018 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 05/15/2018

        FILED PRO SE IN COURTROOM.  COUNSEL WAS APPOINTED IN SAME HEARING SO SENT COPY TO COUNSEL
        BUT DID NOT SCHEDULE THIS ONE FOR HEARING.
05/18/2018 Charge(s): 1,2,3,4
        HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 06/12/2018 at 08:30 a.m. in Room No.  1

05/18/2018 Charge(s): 1,2,3,4
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 05/18/2018

05/18/2018 Charge(s): 1,2,3,4
        MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/15/2018

05/18/2018 Charge(s): 1,2,3,4
        MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/15/2018
        WILLIAM  STOKES , JUSTICE
        COPY TO PARTIES/COUNSEL
05/18/2018 Party(s): KARON E BAKER
        ATTORNEY - APPOINTED ORDERED ON 05/15/2018

        Attorney: BRAD GRANT
06/01/2018 HEARING - OTHER HEARING SCHEDULED FOR 06/11/2018 at 01:00 p.m. in Room No.  1
        WILLIAM  STOKES , JUSTICE
        TO ADDRESS PROBABLE CAUSE ISSUE
06/01/2018 HEARING - OTHER HEARING NOTICE SENT ELECTRONICALLY ON 06/01/2018

06/01/2018 CASE STATUS - CASE FILE LOCATION ON 06/01/2018

            IN-CUSTODY BUCKET FOR 6/11
06/11/2018 CASE STATUS - CASE FILE RETURNED ON 06/11/2018

06/11/2018 HEARING - OTHER HEARING NOT HELD ON 06/11/2018

            TO ADDRESS DURING 6/12/18 DISPOSITIONAL CONFERENCE
06/14/2018 Charge(s): 1,2,3,4
            HEARING - DISPOSITIONAL CONFERENCE HELD ON 06/12/2018
            WILLIAM  STOKES , JUSTICE
06/14/2018 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 06/12/2018

06/14/2018 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/26/2018 at 08:30 a.m. in Room No.  1

            NOTICE  TO PARTIES/COUNSEL
06/14/2018 HEARING - MOTION TO SUPPRESS NOTICE SENT ELECTRONICALLY ON 06/14/2018

06/14/2018 MOTION - MOTION DISCLOSE CONF INFORMANT FILED BY DEFENDANT ON 06/12/2018

06/14/2018 HEARING - MOTION DISCLOSE CONF INFORMANT SCHEDULED FOR 06/26/2018 at 08:30 a.m. in Room No.  1

06/14/2018 HEARING - MOTION DISCLOSE CONF INFORMANT NOTICE SENT ELECTRONICALLY ON 06/14/2018

06/25/2018 Charge(s): 1,2,3,4
            SUPPLEMENTAL FILING - INDICTMENT FILED ON 06/21/2018

06/25/2018 Charge(s): 1,2,3,4,5,6
            HEARING - ARRAIGNMENT SCHEDULED FOR 06/26/2018 at 08:30 a.m. in Room No.  1

06/25/2018 Charge(s): 1,2,3,4,5,6
            HEARING - ARRAIGNMENT NOTICE SENT ELECTRONICALLY ON 06/25/2018

06/26/2018 OTHER FILING - OTHER DOCUMENT FILED ON 06/26/2018

            STATES OBJECTION TO DISCLOSURE OF CONFIDENTIAL INFORMANT AND SOURCE OF INFORMATION
06/26/2018 CASE STATUS - CASE FILE LOCATION ON 06/26/2018

            W/ J. STANFILL FOR ORDER FROM 6/26
06/27/2018 CASE STATUS - CASE FILE RETURNED ON 06/27/2018

06/27/2018 Charge(s): 1,2,3,4,5,6
            HEARING - ARRAIGNMENT HELD ON 06/26/2018
            VALERIE  STANFILL , JUDGE
            DEFENDANT INFORMED OF CHARGES.
06/27/2018 Charge(s): 1,2,3,4,5,6
            PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 06/26/2018

06/27/2018 HEARING - MOTION DISCLOSE CONF INFORMANT HELD ON 06/26/2018
            VALERIE  STANFILL , JUDGE
06/27/2018 MOTION - MOTION DISCLOSE CONF INFORMANT DENIED ON 06/26/2018
            VALERIE  STANFILL , JUDGE
06/27/2018 HEARING - MOTION TO SUPPRESS CONTINUED ON 06/26/2018

06/27/2018 Charge(s): 1,2,3,4,5,6
        HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/17/2018 at 08:30 a.m. in Room No. 1

06/27/2018 Charge(s): 1,2,3,4,5,6
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 06/26/2018

06/27/2018 ORDER - COURT ORDER FILED ON 06/26/2018
        VALERIE STANFILL , JUDGE
        ORDER DENYING MOTION TO DISCLOSE- SEE ORDER

A TRUE COPY
ATTEST: _____
              Clerk

STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC,SS.
                                                  DOCKET NO. CR-18-539

STATE OF MAINE

         v.                                       ORDER ON MOTION

KARON BAKER,
         Defendant


         Before the court is defendant's motion to suppress the evidence found as a result of a search warrant , dated March 27, 2018 , for the residence and premises of Jennifer Dalessandro located at 2 Noyes Court Apartment 2,  Augusta, Maine. Upon  execution of the search warrant and pursuant to its terms to include the person of Karon Baker, the defendant was detained and searched, illegal drugs were found and he was charged with multiple counts of aggravated trafficking in scheduled W drugs.

         The Fourth amendment to the Constitution of the United States says:

         "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Supremacy Clause of the Constitution of the United States (ART VI) requires obedience by state officials to  Fourth Amendment law. *State v. Hawkins,* 261 A2d 255,  citing *Duncan v. Robbins,* 159 Me. 339, 193 A2d  362.

         The affidavit presented to the magistrate must contain all the information on which the magistrate's judgment is based as to the existence of probable cause. In *State v.  Cadigan,* 249 A2d 750, it was held, in testing for the existence of probable cause, that a reviewing court is not permitted to travel outside the allegations contained in the affidavit. Under Rule 41 of the Maine Rules of Criminal Procedure, the affidavit must contain all the information in support of the magistrate's finding of the existence of probable cause. Neither the magistrate nor a reviewing court can go outside the four corners of the affidavit to determine the existence of probable cause . *State v. Appleton,* 297 A2d 363, citing *State v. Hawkins.*

         To determine probable cause, a magistrate must apply the totality of the circumstances approach articulated in *Illinois v. Gates* 462 US 213. Probable cause is established when given all the circumstances set forth in the affidavit before the magistrate it includes the "veracity" and "basis of knowledge" of a person supplying hearsay information, so that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Wright,* 2006 ME 13, 890 A2d 703,  Courts must give the affidavit a positive reading and review the affidavit with all reasonable inferences that may be drawn to support the magistrates determination. *State v. Higgins,* 2002 ME77, 796 A2d  50.

         Face-to-face contact between the agent and informant may support the infomant's reliability. *US v. Gabrio,* 295 F.3d 880. Knowing the informant's identity with the ability to hold the informant responsible if her/she provides false information provides an incentive for the informant to tell lthe truth. *US v. Barnard,* 299 F3d 90. The task in assessing the informant's credibility is not to determine whether the informant is lying or in error  so long as the

probability of a lying or inaccurate informer has been sufficiently reduced by a respectable amount of corroboration. *Barnard,* 299 F3d at 95.

The affidavit in question is very specific as to the place to be searched, the persons and the vehicle. The probable cause for the place is based upon longstanding complaints from neighbors of large volumes of people entering and exiting the premises at all hours of the day and night with very short visits, starting the prior year. The officer equated this activity with the trafficking of illegal drugs. A neighbor, known to the officer, began a form of surveillance of the apartment including the taking of photographs. The officer recognized the persons in the photographs as known drug addicts and dealers.

During the summer of 2017 two controlled buys were made with a person seen on the photographs at the premises. A search warrant was obtained in August of 2017 but not executed because the individual in question was hospitalized and died. Both buys were performed by a confidential informant whose reliability had been confirmed by the agent. That dealer had advised the informant that the apartment in question was his "crib", place of residence. Officers observe the suspect entering and exiting the named premises.

Since that time , the activity observed at the address had continued off and on. A separate unnamed cooperating individual provided a face-to-face and detailed description of the activities inside the apartment in question including the source of the drugs, the kind of drugs, the person who brings the drugs to the location, the sales taking place and the persons buying the drugs. Included in the information, was the specific identity of a person matching the description of the defendant herein. The affiant knew the person, identified as the defendant herein, to be one convicted of drug activities in another jurisdiction. He had been seen by the affiant coming and going from the premises in question multiple times in the preceding four months.

The officer concluded that he found probable cause that drugs are present in 2 Noyes Court, apartment 2, and the persons named doing business in that location are personally known; most specifically, that this defendant is responsible for bringing the drugs into the State to that apartment. He bases his conclusion on the controlled buys, the complaints from the neighbors, the amount of traffic in and out of the apartment, and the observations of the cooperating individual of the activities in the premises.

The defendant challenges the reliabillity of the second confidential informant because the affidavit is silent as to any efforts by the officer to corroborate his/her truthfulness. However, because the second informant's information is entirely consistent with that of the initial informant in 2017, whose reliability had been confirmed by the officer, that information is to be worthy of belief. To the extent the present information cannot rely on the 2017 experience because that information is stale, "staleness" is not determined simply by the passage of time but determined by the circumstances of the case. "'Stale ' information may be considered in conjunction with the affidavit as a whole and may be freshened by the other corroborating statements in the affidavit, (emphasis supplied), *State v. Wright,* 2006 ME 13.

Finally, the affiant/officer explains his relevant training and experience in this area including graduation from the Maine Criminal Justice Academy, 7 years a patrol officer, three years a detective, all with the Augusta Police Department, drug detection and investigation training in the Academy, MDEA Basic Drug Investigation School training, personal searches, seizures and observations of ilegal drugs, later confirmed, and personal participation in the apprehension, prosecution and conviction of persons trafficking in drugs.

Considering the totality of the circumstances, the general information from neighbors of the apartment in question, persons whose observations were corroborated by photographs and observations by two officers, the two informants, one participating in the two controlled

buys and the other with specific and detailed descriptions of the activities therein, the knowledge of the individuals named in the affidavit coming from years with the Department and formalized training and the personal knowledge of the characteristics of the drug trade, it is the court's finding that sufficient facts constituting probable cause was presented to the magistrate for a finding sufficient to authorize a Constitutionally lawful search warrant.

The officer's training and experience as recited in the affidavit provided him a conclusion that a person's habituation of a residence where there is probable cause to believe there is unlawfuil drug activity couple with a knowledge of prior drug offenses validated the inclusion of this defendant in the warrant as a person to be searched. On the date the warrant was to be executed, the defendant was seen leaving the apartment and was stopped on the street some distance away after continuous surveilance. A pat down was performed but a more thorough search could not be conducted because the scene was a sidewalk on a public street. Having detained Mr. Baker, the officers returned with him to the apartment at 2 Noyes Court. A properly trained drug detection dog was used to detect the presence of a controlled substance on the person of the defendant. Baker was then taken to the bathroom where illegal drugs where found in his underwear.

The defendant alleges that the officer placed his hands "down the defendant's pants, inside defendant's underwear, touching, grabbing and moving the defendant's genitalia' which he says can only be described as an unlawful search and seizure. This description of the activities is denied by the officers. Nevertheless, an examination of the totality of the circumstances makes it clear that the probable cause to search defendant's person resulting in a valid warrant authorized a continuim of activities validating the search of his person in the apartment. The detention was lawful, the movement to the apartment in conjunction with the execution of the warrant was necessary for the protection of the defendant, the probable cause furnished by the canine was appropriate and the examination of the underwear was consistent with the probable cause. See *State v. Cooper,* 2017 ME 4.

Defendant's motion to suppress is DENIED.

Clerk may docket by reference.

November 30, 2018

JUSTICE, SUPERIOR COURT

Entered on the docket 12/5/18